J. W. FLANAGAN v. J. N. SMITH.

Where a plaintiff fails to take action by continuance or otherwise, in a cause in a Justice's Court, for four years, in which time the cause of action would be barred by limitation, he should be held to have released the defendant from further attention or defence to the suit.

A shorter time than four years, it seems, may justify such a conclusion.

Appeal from Rusk. Tried below before Hon. C. A. Frazer. The material facts are found in the Opinion.

*B. Smither*, for appellant.

*M. Casey*, for appellee.

ROBERTS, J. This was originally an action brought by plaintiff, Flanagan, against defendant, Smith, in the Justice's Court on a promissory note in 1851. The cause was continued several times at the instance of the defendant. After August of that year no action of any sort appears to have

been taken in relation to the suit by either of the parties or the Justice, until some time in the Spring of 1856,—a period of more than four years having elapsed,—when plaintiff appeared before the Justice and demanded judgment on the note. Defendant moved to dismiss the case for want of prosecution, which, at the next Term, (June, 1856,) to which the cause was continued by the Justice, was sustained and the cause dismissed.

A petition for *certiorari*, stating these facts, was held to be insufficient by the District Court. The question is, whether or not there being nothing done in the prosecution of this suit, either by the Justice of the Peace or by the parties for a period of more than four years, operated as a discontinuance of the suit.

It is an elementary principle of law that no Court shall render a judgment against a party without first having cited him to appear for his defence in Court, upon some particular day or Term. By the practice in England such party was not bound to appear in Court at any subsequent day or Term in obedience to that citation, unless the cause he was called to answer was regularly adjourned over to such subsequent day or Term, by a continuance entered of record. Any failure, thus to adjourn the cause over to a particular day or Term, was a discontinuance, and relieved the defendant from any further attendance to answer that suit. (3 Black. 316 ; Horton v. Archmoody, 7 Wend. R. 200, and cases cited.) The question in such case is not, has the plaintiff merits, or has the Court erred in reference to the rights of the plaintiff, but it is, has the obligation of defendant to appear in Court to answer that suit been continued and preserved? The plaintiff in this case was not bound to appear in Court on the day of trial, if he left his note, as is the custom, with the Justice of the Peace. (Hart. Dig., Art. 1721.) Whether his failure to pursue his suit for the period of time sufficient to bar his action would have the effect to forfeit his right to further demand

the interposition of the Court in his behalf, is not necessary to be considered. Because had he appeared at every Term during the four years and demanded a judgment, the question would still remain to be settled, has not the defendant been released from further appearing to the suit by the Justice's failure to act on or continue the cause for four years. We think the defendant was released from any further obligation to appear to answer this suit at the time plaintiff demanded his judgment in 1856.

From the various irregularities attending the organization and transaction of business in the Courts of a new country, it has not been found practicable here to adhere strictly to the English practice upon this subject of discontinuance. It has been held, upon a change of venue in a cause in the District Court, that a failure to have the cause transferred and entered on the docket at the next succeeding Court of the county, to which it was removed, would not operate a discontinuance of the cause. (Gillespie v. Redmond, 13 Tex. R. 9.) Though the rule has been relaxed as announced in the case of Gillespie v. Redmond, no definite rule has been laid down. Whatever may be the extent of relaxation determined on in ultimately fixing a rule, it may be safely concluded that a failure to take action, by continuance or otherwise, in a cause in a Justice's Court for four years, in which time the cause of action would be barred by limitations, should be held to have released the defendant from further attention or defence to the cause.

Otherwise the plaintiff might in some cases be interested in thus delaying a cause, and by allowing it to slumber under an apparent abandonment of the suit, until the evidence of defendant might be lost, gain an undue advantage. But apart from that consideration, every one who is summoned into Court to answer a complaint has a right to expect that reasonable diligence shall be used in prosecuting the proceedings against him. If the Court refuse or fail to act, the plaintiff

has his remedy. When there has been a failure to proceed with a case until defendant may reasonably have concluded that the suit was abandoned, then of course the defendant should not be held bound further to appear and defend it. Such conclusion might reasonably have been arrived at much sooner in this case than in nearly five years.

The objection now made that the motion to dismiss the *certiorari* was not signed by defendant's counsel is not tenable, as it appears from the recital in the judgment that it was recognized and acted on by the Court and no objection taken to it on that account. Judgment affirmed.

Judgment affirmed.