## FREDERICK JOHNSON'S ADMINISTRATORS v. W. R. D. WARD.

The neglect of a plaintiff, for twenty months, to appear and prosecute his suit, pending in the court of a justice of the peace, when the cause was continued by the justice, without his knowledge, on account of the loss of the note sued on, does not work a discontinuance.

APPEAL from Harrison. Tried below before the Hon. Charles A. Frazer.

The appellee, in his petition for a *certiorari*, alleged, that the case had been continued from term to term, in the court of the justice of the peace, without his knowledge, and against his consent. Upon the trial, the justice before whom the suit was originally brought, testified, that the case was continued from term to term, on account of the loss of the papers in the cause, and the note sued on.

The refusal of the District Court to dismiss the *certiorari*, was the only question in the case. The facts are stated in the opinion.

*William H. Bristow,* for the appellants.

BELL, J.—This suit was originally instituted in the court of a justice of the peace, by the appellee, against Sewell Norris and John B. Tackett, as the makers, and Frederick Johnson, as the endorser of a promissory note. It appears, that the plaintiff in the Justice's Court, suffered the cause to remain on the docket, undisposed of, and without any action being taken in it, from August, 1853, until March, 1855. In March, 1855, after giving notice to the defendants, the plaintiff asked for judgment, and made the necessary proof; but the justice was of opinion that the plaintiff had lost his right to a judgment, by his long neglect to prosecute his suit, and the cause was stricken from the docket, at the costs of the plaintiff. The plaintiff obtained the writ of *certiorari,* and removed the cause to the District Court. In the District Court, the defendants moved to dismiss the *certiorari,* on the ground that the plaintiff had abandoned his suit in the Justice's Court, for two years, and was not therefore entitled to complain of the judgment of the justice. This motion was overruled, and the cause went to trial. During the trial, the plaintiff, Ward, offered himself as a witness, and made the preliminary oath required by law. The defendants then proposed to propound questions to Ward, the object of which was to show that he ought not be permitted to testify in his own behalf. It was objected that the defendants were not entitled to propound such questions; and the court sustained the objection; to which ruling the defendants excepted. Ward recovered judgment; the defendants appealed to this court, and the judgment of the District Court was reversed, on the ground, that the court below erred, in refusing to permit the defendants to propound questions to Ward, touching his competency as a witness. The cause was remanded to the District Court, was again tried, and Ward again recovered judgment for the amount of his demand. There is no error in the judgment, and we have noticed the history of the cause at this length, only for the purpose of remarking briefly upon a single point involved in it.

Johnson v. Ward.

In the opinion of this court, delivered by Chief Justice HEMP-HILL, at the last term, (21 Texas Rep. 476,) it was said, that it was by no means certain, that the justice of the peace committed an error, in refusing to render a judgment for the plaintiff. The Chief Justice said, that a failure to take any steps in the prosecution of a cause, in a Justice's Court, for twenty months, would per-haps ordinarily work a discontinuance of the suit. The court however, did not express any decided opinion upon this point. As the cause was sent back to the District Court for trial, we cannot now say, that the motion of the defendants to dismiss the *certiorari*, when the cause was first removed to the District Court, on the ground of the plaintiff's abandonment of the suit in the Justice's Court, ought to have been sustained. We do not however, wish to be understood as deciding, that the justice erred in the course which he pursued. The subject of the diligence which a plaintiff ought to use in the prosecution of suits in the courts of justices of the peace, was discussed by this court, at the last term, at this place, in the case of Flanagan v. Smith, (21 Texas Rep. 493.) It was there held, that the failure of a plaintiff in a Justice's Court to appear and prosecute his demand, for four years, would operate a discontinuance of the cause, and that, after so long a time, a defendant would be under no obligation to appear and defend. Whether or not a neglect on the part of a plaintiff to appear and prosecute his suit, for a less period than four years, would operate a discontinuance of it; and if so, what degree of neglect will deprive the plaintiff of a right to appear afterwards, and prosecute his suit, are questions which may demand the serious consideration of this court at some future time. The judgment of the court below is affirmed.

Judgment affirmed.