S. W. PUNCHARD ET AL. v. WILLIAM DELK ET AL.

No. 6682.

1. **Dismissal for Want of Prosecution.** — An action of trespass was brought against several defendants. April, 1860, one of the defendants asked and was granted a severance. He claimed a separate part of the land sued for, his part being described in the petition. The action of the other plaintiffs was prosecuted to final judgment through several appeals, and resulting in their obtaining possession. The cause in name of McNutt, who had severed in 1860, never was docketed; no action was taken towards prosecution of the suit. In October, 1886, defendants' motion to dismiss the suit from the docket was granted. On appeal, *held* that from the long delay it was to be presumed that McNutt had abandoned the suit. The dismissal was not error.

2. **Severance—Practice.**—When a severance is had by one of several defendants claiming a separate interest in the matter in litigation the proper practice is to separately docket and prosecute such *severed* case.

3. **Agreement.**—See testimony held insufficient to establish an agreement of counsel to postpone the severed case pending the litigation in the main case.

APPEAL from Hill. Tried below before Hon. J. M. Hall.

The opinion states the case.

*Thomas Harrison,* for appellants.—A severance does not create two suits, but only provides for separate trials of the defendant parties in the

same suit. It was proper to continue the original suit on the docket to try the McNutt branch of it. Snider v. Methvin, 60 Texas, 487; Ballard v. Perry, 28 Texas, 347; Steph. on Plead., 257, 258; 9 Bac. Abr., 268.

*Anderson, Flint & Anderson,* for appellees.

*Richard H. Harrison* and *John B. Rector,* for rehearing. — 1. This cause was alive and on the docket, so far as plaintiff McNutt and his representatives were concerned, when dismissed by the court, and no presumption of abandonment arose from the facts in the record. Rev. Stats., arts. 1276, 1279; Pasch. Dig., art. 1509; Hart. Dig., art. 815; Houston v. Jennings, 12 Texas, 487; Sayles' Prac., sec. 449; Wells' Jur. of Cts., sec. 38; Hirsch v. People, 66 Ill., 181.

2. McNutt was dead when this cause was dismissed by the court, and his death had been suggested by plaintiffs' counsel and noted by the court. Where the plaintiff dies no other proceedings can be taken by the defendant except a scire facias to his representatives, after service of which the suit may proceed to trial, or on failure to prosecute may be dismissed. Pasch. Dig., art. 6; Rev. Stats., arts. 1246, 1247; Armstrong v. Nixon, 16 Texas, 611.

3. The judgment of dismissal against a person who is dead is a nullity. Martel v. Hernsheim, 9 Texas, 294; Bissell v. Lavaca, 6 Texas, 54.

4. Purchasers *lis pendens* who do not make themselves parties to the suit have no right to come into court simply to urge the motion to dismiss the cause and vacate orders made therein. Tilton v. Cofield, 93 U. S., 168; Inloe v. Horsey, 11 Md., 524; Hobby's Texas Land Law, sec. 27; 39 Texas, 64–67.

HENRY, ASSOCIATE JUSTICE.—In the year 1858 Samuel W. Punchard, C. Ennis, Hardy Hendyen and wife, Benjamin Allen, and Robert B. McNutt jointly instituted an action of trespass to try title against William Delk and others for the recovery of the Joseph Punchard league of land. The plaintiffs were not tenants in common, but each owned separate and distinct portions of the survey.

On the 17th day of April, 1860, the parties to the suit entered into an agreement "that the plaintiffs are properly joined in the original petition, and that the cause may proceed and the rights of all the parties be determined in the one suit, thus preventing multiplicity of litigation."

On the same date plaintiff McNutt filed a motion for "a severance of plaintiffs so far as that this plaintiff may prosecute his suit alone, because he holds title to and claims a part of the land in controversy which is distinct and separate from that part claimed by the other plaintiffs by metes and bounds, and that he holds the same by a different title from that by which they hold theirs."

Upon this motion the court entered an order "that the plaintiff Mc-Nutt have a severance from the rest of the plaintiffs in the original case without prejudice to the defendants, and that the evidence in the original cause be used in the trial of the said McNutt without the expense of taking new evidence."

On the 18th day of April, 1860, under the original style of the cause, "plaintiffs" amended their petition, by which plaintiff Benjamin Allen withdrew from the further prosecution of the suit, and the remaining plaintiffs were mentioned, including Robert McNutt as one of them.

This pleading, among other matters, alleged that "plaintiffs own the whole league of land described in their original petition, but in separate parcels," and it then proceeded to designate the particular tract or parcel separately claimed by each of the several plaintiffs; charging that "Robert McNutt owns 1000 acres of said league on the lower side of the same," and otherwise sufficiently describing and identifying the same.

At the Fall Term of the court, 1865, E. B. McCown, J. W. McCown, T. P. McCown, and Ambrose Key, who had purchased the interests of the original defendants pending the litigation, were permitted to become defendants in their stead.

The severed case of McNutt was never separately docketed, and the subsequent proceedings in the cause are stated in appellants' brief in the following language:

"The main case of Punchard v. Delk and wife, but not including the McNutt branch of it, in which the above named parties were made defendants, was several times tried. There were mistrials and new trials, and it was appealed to the Supreme Court three times—first by the defendants, second by the plaintiffs, and third by the defendants; and being affirmed on this appeal, after motion for rehearing was refused, writs of possession were awarded to the plaintiffs separately, according to their amended pleadings and respective titles.

"The plaintiffs are in possession of all land claimed except 1000 acres claimed by McNutt, and that now is the only subject of contention."

The case was finally disposed of in this court in the year 1885.

In the year 1881 a motion was made in the District Court in behalf of McNutt to separately docket his case; but on its being opposed in behalf of the defendants, it was abandoned without being acted on by the court.

At the March Term, 1886, of the District Court an order was made in the cause as originally styled and numbered, as follows:

"*S. W. Punchard et al. v. William Delk et al.—No. 102.*—Munger and wife have leave to intervene. Death of R. B. McNutt suggested and his heirs ordered to be made parties and cause continued by consent."

No action appears to have been taken between the date of the pleading on the 18th day of April, 1860, and the final judgment in 1885 with

regard to the prosecution of McNutt's claim, either as a separate suit or as a part of the original suit.

The case comes to this court by an appeal taken by the plaintiff McNutt from a judgment of the District Court dismissing the cause from the docket made on a motion filed by the defendants in October, 1886.

Upon the trial of this motion McNutt claimed, and introduced some evidence tending to prove, that an agreement had existed to delay the trial of McNutt's part of the case until after the controversy between the other parties had been determined, but not for it to abide the result of the litigation between the other parties; and that in various ways and at different periods the existence of such an agreement had been recognized or acquiesced in by defendants.

The defendants denied, and introduced evidence tending to disprove, the existence of or their acquiescence in such an arrangement.

So far as the issues of fact are concerned, the ruling of the court is sufficiently sustained by the evidence to make it proper for us to let it stand.

If it be admitted that plaintiffs who have voluntarily joined in actions to try title may be permitted to sever, it still can not be held that an order to that effect will relieve plaintiffs from their obligation to continue the prosecution of their suits.

When a severance in such cases is permitted, the proper practice is to separately docket and proceed with the trial of the case, at least to an adjudication of the title in controversy. No doubt such an order, when properly made, may be abandoned or set aside.

The uncertain and confused condition of the record in this case does not leave entirely clear the question as to what was finally intended to be done. But in either view, we think it must be held that plaintiff Mc-Nutt abandoned the prosecution of his cause.

The numerous trials of the original cause as to the other portions of the land in controversy, without regard to the one thousand acres claimed by him, and without his participating in or being mentioned in the proceedings, forbid the conclusion that his connection with that suit as a party continued.

On the other hand, his failure to cause his branch of the suit to be separately docketed, or to prepare it for trial, or in any manner to continue its prosecution for so long a period of time, are not sufficiently explained and must be held to show an abandonment of its further prosecution. A much shorter delay would have warranted the same conclusion.

The judgment is affirmed.

*Affirmed.*

Delivered April 15, 1890.