### FR. BECK & CO. v. E. S. AVONDINO ET AL.

Decided January 14, 1899.

**1. Revival of Action—Suggestion of Death of Plaintiff—Laches.**

The heirs of a plaintiff who dies pending an action are not prevented from filing suggestion of his death and being substituted in his stead upon attaining their majority by the fact that no effort had been made to continue the action for several years after the original plaintiff's death and during the minority of the heirs, no personal representative having been appointed and no suggestion of the plaintiff's death or application for scire facias having been made by defendant as provided by articles 1246 and 1247 of the Revised Statutes.

**2. Notice of Motion—Suit Not Pending.**

A case which has been off the docket of the court for five years since the death of the original plaintiff is not pending within article 1458 of the Revised Statutes, requiring notice to be taken of motions filed and entered on the docket in all pending suits, and the heirs of the deceased plaintiff must serve defendant with notice of the filing of the suggestion of plaintiff's death and of the motion to be substituted in his stead.

**3. Same—Service on Attorney—Suggestion of Death.**

Service of notice of the filing of a suggestion of the death of the original plaintiff and of a motion for the substitution of his heirs in his stead as plaintiffs, is ineffectual where it is made by merely advising the original attorneys for defendant to that effect, several years having elapsed since plaintiff's death, such attorneys having ceased to represent the defendant, and so stating at the time and declining to accept the notice.

**4. New Trial—Judgment Without Notice.**

Defendant is entitled to a new trial on the ground of accident or mistake, where a judgment was entered against him six years after the death of the original plaintiff, the suit in the meantime having been treated as discontinued, and the defendant's attorneys refused to represent him in the proceeding for the substitution of the heirs of the original plaintiff and failed to notify him of such proceeding.

APPEAL from Bowie. Tried below before Hon. HOWARD TEMPLETON.

*Hudgins & Estes,* for appellants.

*Henry & Henry,* for appellees.

FINLEY, CHIEF JUSTICE.—This is a suit for damages for wrongful seizure and conversion of a stock of goods. The trial resulted in a verdict and judgment for $3760 in favor of the plaintiffs. The suit was originally brought by E. S. Avondino. The case was tried in 1889 and an appeal taken from the judgment rendered. The judgment was reversed on appeal, and pending the appeal the plaintiff and his wife both died. The suit is now prosecuted by their only surviving children, Mrs. Gabrielle Buron, joined by her husband, and Josephine Avondino.

Appellants were not represented upon the trial below, but after judgment was rendered filed a motion for new trial, and the overruling of this motion is presented as error. Upon the application for new trial these facts were made to appear:

1. The suit was instituted on the 24th day of August, 1888, and was tried in September, 1889; was appealed from and reversed, and the mandate of the Supreme Court returned in February, 1892.

2. That in September, 1889, the clerk of the court marked the word "off" beside said case and same was never brought forward, nor was any order taken in same, nor was it called for trial, nor was it put on the docket until September, 1897, a period of eight years.

3. That E. S. Avondino and Julia N. Avondino died in 1891. No suggestion of their deaths was made by either party to the suit until September, 1897, and the case during the interim was not on the docket, no order of any kind was taken in same, nor was it attended to in any way.

4. That in September, 1897, plaintiffs filed a paper indorsed "first amended original petition," wherein the death of the Avondinos was suggested and leave asked to prosecute the suit in the name of the heirs, Mrs. V. E. Buron, joined by her husband V. E. Buron, and Miss Josephine Avondino. The said motion, if it could be termed such, was never placed upon the motion docket. Counsel for appellee called the attention of Messrs. Vaughn and Leary, attorneys of record for appellants, to the paper, and those gentlemen expressly disclaimed any connection with the suit. No sort or form of notice was gotten out in connection with or relative to said petition, nor was anything more than leave of the court obtained to file same.

5. That the appellants reside in New York City, and some years ago had been informed by their attorneys that the case had been discon-

tinued and abandoned. In view of that information, as well as the actual abandonment of the case, at the request of the attorneys, they paid off and settled in full with them, concluding that no further steps would be taken in the suit.

6. That they had no knowledge of the existence or filing of the said petition, were not even told by their former attorneys of the information that had been given them, and at the time the case was tried were not aware of the existence of the suit.

7. Dan T. Leary, when the case was called for trial, asked for time within which to prepare a motion for a continuance. Time was granted him, and he subsequently returned into court and announced to the judge that his connection with the case had ceased, and that he was not authorized or qualified to represent or defend appellants.

8. That after said announcement the trial of the case proceeded and resulted in a verdict for $3760 in favor of plaintiffs and against defendants, without resistance and by practical default. The appellants were not represented in any way at the trial.

9. The result of said trial was telegraphed to appellants by Dan T. Leary, and appellants then employed Hudgins & Estes, their present attorneys, to represent them and prepare and submit a motion for a new trial.

Appellants insist that the court erred in not granting the motion for new trial, and that this court should reverse and dismiss the case as having been abandoned and discontinued and never legally reinstated.

At common law the death of the plaintiff had the effect to abate the suit; but under our statute this effect no longer obtains. By statute it is provided that the death of the plaintiff before verdict, if the cause of action be one that survives, shall not abate the suit, but the same may be prosecuted by the executor, administrator, or heirs of such deceased plaintiff. Rev. Stats., art. 1246. The suit was clearly not abandoned or discontinued during the life of the original plaintiff. He died in 1891, pending the appeal from the former judgment and prior to the return of the mandate from the appellate court reversing the judgment and remanding the case for another trial. At the time of the return of the mandate both the plaintiff and his wife were dead, and their heirs, children, who now prosecute the case, were minors. The disability of these minors was removed in 1897, one marrying and the other becoming of age, when they appeared by filing an amended original petition, and therein suggested the death of the plaintiff for the first time, and asked leave to prosecute the suit. Article 1246, Revised Statutes, provides that the executor, administrator, or heir may appear, and upon suggestion of death being entered of record, in open court, may be made plaintiff in such suit, and the suit shall proceed in his name. Article 1247 provides that if no such appearance has been made at the first term of the court thereafter, it shall be the duty of the clerk, on application of the defendant, to issue a scire facias for the executor, administrator,

or heir, etc.   It further provides, that if there is no appearance to the succeeding term in answer to the scire facias, the defendant, on motion, may have the suit discontinued.   Here there was no executor or administrator of the estate of the deceased plaintiff, and the heirs were under the disability of nonage.   It is not believed that the statute was intended to require minor heirs to appear and prosecute the suit of the ancestor, under penalty of being chargeable with laches, effecting the forfeiture of their property rights.   Minors are favorites in law, and it has long been the manifest policy of our laws to protect their rights from forfeiture by reason of laches.   The statute afforded the defendants the means of forcing the prosecution or discontinuance of the suit, and they, failing to pursue the statutory course, are in a poor attitude to insist upon the forfeiture of the rights of the minor heirs of the deceased plaintiff by reason of their failure to appear and prosecute the suit of their deceased ancestor during their nonage.   We are of the opinion that they had the right after they became of age to appear in the case, suggest the death of the plaintiff, and, on leave of the court, prosecute the suit in their own behalf.   We have been cited to no case decisive of the question, and are aware of no decision fully in point.   The opinion in the case of Alexander v. Barfield, 6 Texas, 403, discusses the old statute on the subject and points out its incompleteness, which is cured in the present statute.

It is next urged that defendants were entitled to notice of the proceeding of the heirs suggesting the death of the plaintiff and making themselves the parties plaintiff to prosecute the suit.

The case had been off the docket of the court for eight years; the defendant's original attorney treated the case as discontinued and several years back advised the defendants that the case had been abandoned and discontinued, procured the payment of their fee, and the defendants, residing in New York, believed the case finally abandoned and disposed of.   The plaintiffs filed their amended petition, suggesting the death of their father, alleging their heirship, and praying to be recognized as plaintiffs, in the year 1897.   Upon filing this paper, their attorney induced the clerk to place the case again upon the docket, and an order of court was obtained by him continuing the case for the term.   No notice whatever of this action was given to the defendant.   No motion to reinstate the case upon the docket was entered upon the motion docket and no order of court was made upon the paper filed, except the leave to file it.   Plaintiff's attorney called attention of the defendant's former counsel to the filing of the paper, but they expressly disclaimed any further connection with the case and declined to accept such notice. The original counsel of the defendants gave no notice of the proceeding to defendants, declined to represent them in any way in the case, and not until after the judgment was rendered did they advise defendants of the situation.

The statute provides for a motion docket and requires all motions to be entered upon it.   Rev. Stats., 1456.   Notice must be taken of

motions filed and entered on the docket in all *pending* suits.    Art. 1458. When the motion does not relate to a pending suit notice is required to be given to the adverse party.    Art. 1460.    Notice may be served upon the party or his attorney of record.    It is not only a statutory principle, but a fundamental rule as well, that a personal judgment can not be legally rendered against a person without notice.    It is founded on the principles of common fairness and justice, which demand that every person shall have a hearing before he is mulcted or condemned.    Can it be said that this was a pending suit, in the sense that no notice was required to be given of the proceeding taken by the heirs?    As before shown, it was not a case upon the docket and had not been for eight years.    Had the original plaintiff not been dead, the failure to prosecute the suit from 1892, when the mandate was returned, to 1897, when the heirs filed their first appearance, the case would be held to have been abandoned and discontinued.    Flanagan v. Smith, 21 Texas, 493; Johnson v. Ward, 21 Texas, 475; Johnson v. Ward, 23 Texas, 630; Punchard v. Delk, 77 Texas, 106.    The idea upon which it is not required that notice be given of motions filed in pending causes is, that the parties to the suit are on the qui vive, watching all the proceedings in the cause, and formal notice is wholly unnecessary to the ends of justice.    It was not the design of the statute to facilitate "snap judgments," nor to encourage ex parte proceedings by the plaintiff when he can take the defendant unawares.    Courts of justice should not be converted into traps for the unwary; but should be the abiding places of fairness, where the laws are administered under methods of unquestionable righteousness. To hold that new parties could file a pleading in a cause which had not been on the docket of the court for eight years, suggest the death of the plaintiff in the pleading, make themselves the plaintiffs, and proceed to judgment without notice, would so utterly overturn the real principle of notice embodied in our statutes, and in the law of the land as well, that we can not conceive that such was the legislative intent. Hence we hold that notice was necessary.    We do not wish to be understood as casting the slightest reflection upon counsel or the trial judge. It is the principle involved with which we are dealing, and not the good or bad faith of the counsel or trial judge in this case.    The record does not manifest any intentional wrong on their part, and the high standing of the parties would forbid any unnecessary inference of that character.

Was legal notice given?    As previously stated, the attention of the defendant's attorneys of record was called to the filing of the paper. In the first place this was not legal notice.    The statute contemplates written notice, served and returned as original process.    Rev. Stats., art. 1457.    In the second place, the attorneys of record had ceased to represent the deefndants, and at the time so stated and declined to accept notice of the filing of the paper.    Under such conditions the notice to the attorneys, if othewise regular, would not be sufficient.

For still another reason the motion for a new trial should have been

granted. The defendants' former attorneys had advised them that the case had been discontinued; they were in a distant city and relied upon this statement; the said attorneys refused to represent them in the subsequent proceedings, regarding the case as discontinued. These conditions resulted in their having no representation or hearing upon the trial. This was clearly such accident or mistake as would call for equitable relief. Buford v. Bostick, 50 Texas, 375; Knapp v. Fore, 42 Texas, 253; 3 Pom. Eq. Jur., sec. 1364.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*