## BEAUDETTE v. CITY OF EL PASO et al.
### (No. 1397.)

(Court of Civil Appeals of Texas. El Paso. Jan. 18, 1923. Rehearing Denied Feb. 8, 1923.)

**1. Dismissal and nonsuit ⬅60(1)—Courts have discretion to dismiss for want of prosecution.**

A court has the inherent right, in the sound exercise of its discretion, independently of statute, to dismiss a suit for failure to prosecute it with due diligence.

**2. Appeal and error ⬅973—Dismissal for want of prosecution not reversed, in absence of clear abuse of discretion.**

The right of a court to dismiss a case from its docket for want of prosecution should not be interfered with on appeal, unless an abuse of discretion clearly appears.

**3. Dismissal and nonsuit ⬅60(1)—Long delay without affirmative effort constitutes want of prosecution.**

Where an action for injuries occurring in January, 1914, was commenced in October, 1915, and no active affirmative effort was made by plaintiff to bring the case to trial until 1922, after the death of defendants' only disinterested witness, there was no abuse of discretion in dismissing the action for want of prosecution.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by Curtis Beaudette against the City of El Paso and another. Judgment of dismissal for want of prosecution, and plaintiff appeals. Affirmed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

F. E. Hunter and R. B. Redic, both of El Paso, for appellant.

Moore & Smith, of El Paso, for appellees.

WALTHALL, J. This suit was brought by Curtis Beaudette against the city of El Paso and W. E. Race, to recover damages for personal injuries alleged to have been sustained by him through the negligence of the city of El Paso, acting by and through said Race as superintendent of the city water works, and against W. E. Race personally.

The issues tendered in the pleadings need not be further stated than are indicated above and in the court's findings of fact.

On the 18th day of January, 1922, the city of El Paso and W. E. Race filed a motion—

"to dismiss this cause from the docket for the reason that this suit has been discontinued by the failure of the plaintiff to prosecute same with due diligence, in that the same was filed on the 14th day of January, 1916, and that no action therein has been taken since the 1st day of March, 1916, evidencing a bona fide intent on the part of the plaintiff to prosecute this action."

On February 6, 1922, each of the defendants filed separate answers, without prejudice and subject to their motion to dismiss the cause.

On February 9, 1922, plaintiff filed an answer denying that the suit had been discontinued by his failure to prosecute same with diligence, and stating the facts constituting the diligence used in prosecuting the suit.

The trial court heard the motion and the evidence offered in support and resistance thereof, and on the 3d day of March, 1922, entered judgment dismissing the cause and ordering that same be dropped from the docket, and that "defendants go hence without day and recover their costs."

On motion of plaintiff, the court filed its findings of fact, as follows:

"1. This case was filed on the 20th day of October, 1915. The defendant city of El Paso filed its answer and appearance on the 22d day of October, 1915. On the 15th day of January, 1916, W. E. Race was made a party defendant. On March 1, 1916, defendant, W. E. Race, filed his appearance and answer.

"2. The case remained on the docket and no action was taken in court with reference thereto until September, 1920, at which time, in accordance with the rules of the local bar of this county, the case was set for trial for a date in the month of October, to wit, the 11th. At that time Victor C. Moore, attorney for the City of El Paso, being absent from the city and sick, the case at the instance of Royal G. Smith, Esq., was passed on account of the absence of said Moore. The case was reset by the plaintiff some time during the month of February, 1922, for March 13, 1922.

"3. That on or about December 7, 1921, plaintiff prepared interrogatories for two witnesses, and same were submitted to attorneys for the city of El Paso for the purpose of crossing.

"4. On December 7, 1921, the defendants took leave to amend, and thereafter cross the interrogatories to plaintiff's said two witnesses, and thereafter on the 18th day of January, 1922, filed this motion to dismiss this cause. Counsel for the defendants waived service of copy and issuance of commission on these depositions.

"5. From time to time, from the filing of the suit up to this time, the question of the settlement of same out of court has been discussed between the plaintiff's attorneys and various attorneys for the city of El Paso, but no result was accomplished.

"6. Plaintiff, from the time of the filing of the suit up to the time of a few months prior to the preparation of said interrogatories, did not know the whereabouts of Mr. and Mrs. Scales, whose depositions have been before mentioned.

"7. This suit grew out of a collision between plaintiff's motorcycle, and a car owned by the city of El Paso, and alleged to have been driven by one of defendant's employees, acting at the time in the scope of his employment. That W. E. Race, one of the defendants, was the driver of the car at the time.

"8. That subsequent to the institution of the suit, some time in the early part of 1916, one Fisher, a material witness for the defendants, died. That the deposition of the said witness Fisher was not taken prior to his death. That up to a short time before his death the said Fisher had been an employee of the city of El Paso.

"9. The said codefendant of the city of El Paso, W. E. Race, was, at the time of the accident, superintendent of the city water works of the city of El Paso, and that said Race is living and resides in the city of El Paso.

"10. That at the time the case was continued in October, 1920, at the instance of said Royal G. Smith, Esq., said Smith did not represent the city of El Paso but was a general law partner of Victor C. Moore, who was then the city attorney of the city of El Paso, Tex."

From the above facts the trial court concluded that failure for the length of time indicated in the findings of fact to bring to trial a cause of action asserted in a law suit is an abandonment thereof as a matter of law. In support of the above conclusion the trial court refers to Crosby v. DiPalma (Tex. Civ. App.) 141 S. W. 321; Flanagan v. Smith, 21 Tex. 493; Punchard v. Delk, 77 Tex. 104, 13 S. W. 615; Beck v. Avondino, 20 Tex. Civ. App. 330, 50 S. W. 209.

There is no suggestion of error in the court's findings of fact, but the insistence here is that the court is in error in its conclusions of law, in that the order and judgment in dismissing the case is not justified by law or the facts found; that abandonment or discontinuance of a cause should not be decided upon the sole ground of lapse of time in action taken in the prosecution of the cause, but should be decided upon due

consideration of all the facts and circumstances of the particular case.

The case of Gillespie v. Redmond, 13 Tex. 9, to which we are referred, has nothing of value in deciding this case, and we need not review it.

In Flanagan v. Smith, 21 Tex. 493, Judge Roberts said that, though the rule of the common law has been relaxed as announced in the Gillespie v. Redmond Case, supra, no definite rule has been laid down. He then announced that:

"Whatever may be the extent of relaxation determined on in ultimately fixing a rule, it may be safely concluded that a failure to take action, by continuance or otherwise, in a cause in a justice's court for four years, in which time the cause of action would be barred by limitations, should be held to have released the defendant from further attention or defense to the cause. Otherwise the plaintiff might in some cases be interested in thus delaying a cause, and by allowing it to slumber under an apparent abandonment of the suit, until the evidence of defendant might be lost, gain an undue advantage. But apart from that consideration, every one one who is summoned into court to answer a complaint has a right to expect that reasonable diligence shall be used in prosecuting the proceedings against him."

The above opinion suggests two grounds upon which the order dismissing the case could be sustained: First, delay in taking action in its prosecution for such time as would bar the cause by limitation; second, that of want of. reasonable diligence in its prosecution. In Beck v. Avondino, 20 Tex. Civ. App. 330, 50 S. W. 209, without stating the facts of the case, it was there held that, had the original plaintiff not died, the failure to prosecute the suit when the mandate from the Supreme Court was returned remanding the case for trial, from 1892 to 1897, the case would be held to have been abandoned and discontinued, based, apparently, solely upon lapse of time in which no action was taken in this prosecution, and referring, among others, to Flanagan v. Smith, supra.

In Punchard et al. v. Delk et al., 77 Tex. 104, 13 S. W. 615, a severance in the trial was had in the cause, in which McNutt, who had severed in 1869, had taken no action toward prosecution of the suit, and on defendant's motion in 1886 to dismiss for want of prosecution and abandonment, the motion was sustained. The court said his failure to prepare the suit for trial or to continue its prosecution for so long a period of time were not sufficiently explained, and that a much shorter delay would have warranted the same conclusion.

In Crosby v. DiPalma (Tex. Civ. App.) 141 S. W. 321, in a suit in trespass to try title filed in 1887, and where no active action in its prosecution had been taken until 1897, except a few entries of orders for continu-

ance, and the filing of a substitute petition and service of process thereon, this court, speaking through Mr. Justice Higgins, made reference to the cases above and held that it was clear, under the facts of that case, an abandonment and discontinuance of the case had been effected as a matter of law.

[1] It is an inherent right of the courts, existing independently of statute, and exercised within a sound discretion, to dismiss a suit for failure to prosecute it with due diligence. While the above rule seems not to be universal, and seems not to obtain in jurisdictions in which statutes have been enacted regulating involuntary dismissal of actions, we take it from the above authorities that such is the holding of the courts of this state.

[2] The exercise of the right of the court to dismiss a case from its docket should not be interfered with unless it clearly appears that its discretion to dismiss and discontinue the case has been abused.

[3] Where the collision in which appellant received his injuries occurred in January, 1914, and nothing of an active, affirmative effort was done to bring the case to trial until 1922, and until, as claimed by appellees and found by the court, their only disinterested witness had died some two years after the collision causing the injuries complained of occurred, we cannot say that the trial court abused its discretion in the exercise of its right to enter a discontinuance of the suit.

For the reasons stated, the case is affirmed.