LOFTUS v. BECKMAN et al. (No. 2032.)

Court of Civil Appeals of Texas. El Paso.
May 19, 1927.

Rehearing Denied June 16, 1927.

1. **Action** ⊚⟹70—Correspondence of attorneys long after abandonment, if any, of cause of action held inadmissible on issue of abandonment.

In action on note, correspondence between attorneys for parties occurring long after abandonment of cause of action, if any, *held* inadmissible on issue of abandonment raised by motion to dismiss.

2. **Action** ⊚⟹70—Failure to prosecute action raises presumption of abandonment, which, however, disappears where true facts show different intent.

Failure to prosecute suit within a reasonable time raises a presumption of abandonment of cause of action, which presumption will, however, disappear where true facts show lack of intention to abandon.

3. **Dismissal and nonsuit** ⊚⟹60(1)—Dismissal for want of prosecution rests in discretion of court, which will not be controlled unless manifestly abused.

Question whether or not a suit should be dismissed for want of prosecution is addressed to and rests in the sound discretion of the court, which will not be controlled unless manifestly abused.

4. **Dismissal and nonsuit** ⊚⟹60(1)—Dismissal of action on note for want of prosecution held not abuse of discretion.

Dismissal of action on note for want of prosecution *held* not abuse of discretion, in view of facts.

5. **Dismissal and nonsuit** ⊚⟹50—Filing of motions to strike out petition and to quash garnishment affidavits and bonds held not waiver of rights under motion to dismiss.

In action on note, defendants' filing of motions to quash garnishment affidavits and bonds *held* not waiver of rights under motion to dismiss for want of prosecution.

Appeal from District Court, El Paso County; W. D. Howe, Judge.

Action by William Loftus against Sotera Lopez de Beckman and others. From judgment of dismissal, plaintiff appeals. Affirmed.

Del W. Harrington and Sydney Smith, both of El Paso, for appellant.

Goldstein & Smith, of El Paso, for appellees.

PELPHREY, C. J. This is an action on a promissory note, originally filed in the Thirty-Fourth district court of El Paso county, Tex., on March 29, 1916, by William Loftus, a resident of California, against Sotera Lopez de Beckman and Enrique M. Beckman, as executors of the estate of William C. Beckman, deceased. Citation issued the same day and was returned showing defendants "not found in El Paso county." Alias citation was issued on June 21, 1916, and was also returned unserved for the same reason.

On December 19, 1916, plaintiff filed his first supplemental petition, alleging the removal of Sotera Lopez de Beckman and Enrique M. Beckman, as executors, and the appointment of the El Paso Bank & Trust Company, as administrator. Service was had on the El Paso Bank & Trust Company, and on March 5, 1917, they answered by general demurrer and general denial.

A judgment was rendered in favor of plaintiff and against the estate of William C. Beckman, deceased, for the full amount of plaintiff's demand, but said judgment was set aside and a new trial granted on March 27, 1917. Sotera Lopez de Beckman and Enrique M. Beckman, on March 28, 1917, filed their original answer, demurred generally to plaintiff's petition, and denied generally the allegations therein contained.

On September 30, 1926, plaintiff filed his second supplemental petition, alleging that R. A. Beckman, E. M. Beckman, and Maria B. de Hyslop, wife of Satiago Hyslop, all being heirs of William C. Beckman, deceased, had received money and property belonging to the estate of William C. Beckman, deceased, and that said money and property were charged

with the debt sued upon, and that they were, therefore, liable to plaintiff for the payment of plaintiff's debt.

Enrique M. Beckman, as executor, on October 18, 1926, filed a motion to dismiss, in which he suggested the death of Sotera Lopez de Beckman, alleging an abandonment by plaintiff of his cause of action for failure to take action thereon for a period of more than 5 years.

Enrique M. Beckman, as sole surviving executor and individually, Rafael Beckman, Maria B. de Hyslop, and James Hyslop, also known as Satiago Hyslop, on October 18, 1926, filed their first supplemental answer, containing general and special exceptions, and a general denial. In said answer they allege that same is filed without prejudice to the motion to dismiss filed by Beckman, executor.

The same parties on the same day filed their first amended original answer, excepting generally and specially to plaintiff's petition, generally deny the allegations thereof, plead non est factum as to the note, and limitations as to the property which might have come into their hands belonging to the estate. In this pleading there is a recitation that it is filed without waiving the motion to dismiss.

On November 13, 1926, plaintiff filed his first amended original petition, vouching in sureties on garnishment and replevin bonds, given by defendants, and making the El Paso National Bank a party.

Plaintiff, on November 13, 1926, filed his third supplemental petition, replying to the motion to dismiss and to defendants' first supplemental and first amended answers.

On November 11, 1926, defendants filed a motion to strike out the second supplemental petition of plaintiff, which motion was by the court overruled on December 4, 1926, as was the motion of defendants to quash the garnishment affidavits and bond.

On December 4, 1926, the court entered an order dismissing the case and on the same day overruled a motion to reinstate. From the overruling of the motion to reinstate, Loftus has appealed to this court.

## Opinion.

There are four propositions upon which appellant asks for a reversal of this case, namely:

(1) That the court erred in refusing to admit certain correspondence between Mr. Harrington and Mr. Dyer in September, 1926.

(2) That the court abused its discretion in dismissing the suit for want of prosecution.

(3) That by filing their motion to strike out plaintiff's second supplemental petition, appellees waived their right to have the case dismissed.

(4) That by pleading non est factum and taking judgment on demurrer before the judgment of dismissal, they waived their right to have the suit dismissed for want of prosecution.

[1] The action of the court in excluding the correspondence, we think, was correct. It was had long after the abandonment, if any there was, had occurred and was, therefore, irrelevant and immaterial as to any issue involved.

[2] Appellant's second proposition presents a more difficult proposition. Plaintiff's failure to prosecute his suit within a reasonable time raises a presumption of his abandonment of his cause of action. Crosby v. Di Palma (Tex. Civ. App.) 141 S. W. 321; Beaudette v. City of El Paso (Tex. Civ. App.) 247 S. W. 895; Punchard v. Delk, 77 Tex. 104, 13 S. W. 615; Flanagan v. Smith, 21 Tex. 493; Beck v. Avondino, 20 Tex. Civ. App. 330, 50 S. W. 209. This presumption, however, will disappear, where the true facts show the lack of intention to abandon.

[3] The question of whether or not a suit should be dismissed for want of prosecution is addressed to and rests in the sound discretion of the court, and such discretion will not be controlled unless manifestly abused. 18 C. J. p. 1209; Hinkle v. Thompson (Tex. Civ. App.) 195 S. W. 311; Beaudette v. City of El Paso (Tex Civ. App.) 247 S. W. 895; Harrison v. Oak Cliff Land Co. (Tex. Civ. App.) 85 S. W. 821; Hays v. Cage, 2 Tex. 501; George v. Taylor, 55 Tex. 97.

[4] In the present case there seems to have been an understanding between counsel for the parties that, on account of the condition of the estate in Mexico, there should be a postponement of the trial but the reason for the postponement, appearing from all the testimony, seems to have been the fact that there was no property of the estate in Texas out of which appellant's debt could be made.

Mr. Dyer, counsel for appellees, was under the impression that the case had been abandoned and testifies that he made no agreement regarding the continuance of the case subsequent to January 1, 1919. Under the facts of this case, we cannot say that the court abused its discretion in dismissing the suit, and therefore overrule appellant's second proposition.

[5] As we view the record, the appellees, by filing their motions to strike out the petition of appellant and the motions to quash affidavit and bonds, did not thereby waive their rights under the motion to dismiss.

The judgment of the trial court is affirmed.