**TRAHAN et al. v. ROBERTS et al.**
No. 2169.

Court of Civil Appeals of Texas. Beaumont.
April 7, 1932.

D. E. O'Fiel, of Beaumont, for appellants.

Orgain, Carroll & Bell and O. S. Parker, all of Beaumont, for appellees.

O'QUINN, J.

As best we can gather from the record, this case was filed in the district court of Jefferson county, on September 14, 1915, by John Trahan et al. against Claude C. Roberts, in trespass to try title to 45.7 acres of land described at "Lot No. 4 of Subdivision of the Munson Bouse 320 acre survey in said county." The file number of this suit on the docket of said court was 11311. All the record information relative to this suit is reflected by the docket entries on the judge's trial docket. According to these entries, the cause was "continued by agreement" on December 15, 1915. April 7, 1916, it was "passed for settlement"; September 18, 1916, it was "continued for settlement"; November 7, 1916, "continued by agreement." The same order was made December 4, 1916, February 5, 1917, April 2, 1917, and September 17, 1917. On December 17, 1917, it was "continued for settlement." This order was repeated February 2, 1918, April 4, 1918, and June 3, 1918. On October 7, 1918, the docket entry was "settled per decree on file."

The case then disappeared from the docket, and the testimony of J. C. Safley, deputy district clerk, is that it was removed from the docket and was lodged with the "disposed of cases." The next, in order of time, we find what is denominated an interpleader, but was in fact a second amended original petition, filed June 13, 1925, which is a petition in trespass to try title with prayer for judgment for and possession of the land in question. This petition suggests the death of defendant Roberts, and named his heirs as his surviving wife and five children, naming them. It also alleged that, since the filing of the suit and while same was pending, I. R. Bordages, Lon D. Cartwright, and the Gulf Production Company, a corporation, had acquired and were claiming some interest in the land, and asked that they be cited to answer. Plaintiffs in this pleading also alleged that an agreement for judgment (the one stated in the docket entry above shown) had been had by and between the parties by which plaintiffs were to recover the mineral rights in said land, and defendant Claude C. Roberts was to recover the surface rights therein, and that pursuant to said agreement the court entered said docket entry and so rendered judgment, but that by oversight said agreed judgment had not been prepared and entered on the minutes of the court, but that defend-

ants knew and had notice of said judgment when they acquired their claimed rights in and to said land. In the alternative, they prayed for judgment for the mineral rights in said land, if the agreed judgment by them pleaded was binding on the parties. They also prayed that said judgment be entered nunc pro tunc.

There does not appear any order restoring the cause to the docket, or permission of the court to file amended pleadings, though the amended petition recited leave of the court. No action of any nature was taken under or because of this pleading. No one answered it, and it was apparently forgotten. On March 31, 1927, another pleading styled "plaintiffs' second amended original petition" was filed. It recited leave of the court to file, but there is nothing on the trial docket to indicate such. This petition was in trespass to try title and for damages, and named numerous new parties, both plaintiffs and defendants, reciting that the new defendants had not been cited, that pending the suit the original defendant had died, and that the new parties defendant had acquired all the interest and title held by the original defendant, were purchasers pendente lite, and prayed for judgment against all of the defendants for the land and damages. No action was taken by the court under this instrument, although numerous parties named in it as new defendants filed disclaimers or other answers thereto, but was wholly ignored and abandoned by the plaintiffs and those signing as their attorneys.

We next find that on November 15, 1929, an instrument was filed styled "plaintiffs' first amended original petition." It was signed by a new attorney, and recites that it was filed with leave of the court, but there is no docket entry to so show. It recites that it was filed, among other things, for the purpose of making new parties. This petition names only a portion of the plaintiffs named in previous pleadings, but adds several others not previously named. It does not name any executor or administrator of the estate of the original defendant, Claude C. Roberts, deceased, and omits several who had been named as defendants in previously filed amended petitions, and names several parties as defendants for the first time. It was explained by the attorney, who filed this petition, that at the time he filed it the papers in the case were lost, and that he did not know just what had been filed, he not having had any previous connection with the case, so he denominated the paper as "first amended original petition." This petition was in the form of trespass to try title, and alleged the death of the original defendant, Roberts, and that he "left surviving him as his successors in title and as purchasers pendente lite herein, the above named parties who are made defendants in his stead and who are

being sued herein by plaintiffs for the same property as they sued for in plaintiffs' original petition against the said Claude C. Roberts." In this petition, plaintiffs pleaded title to the land in suit by the three, five, ten, and twenty-five year statutes of limitation. The prayer was that the defendants, "and each of them, be cited to answer, and that plaintiffs have judgment for the title and possession of the land and for damages." This was the petition on which it was sought to try the case.

In this state of the record, on September 18, 1930, appellees Lon D. Cartwright, J. E. Broussard, Charles G. Hooks, Tide Water Oil Company, and Gulf Production Company filed their motions to dismiss the suit on the grounds that the original suit of Trahan v. Roberts had abated by the death of the sole defendant, Claude C. Roberts, and no further steps necessary to further proceedings had been taken, and because said original suit had been abandoned.

October 16, 1930, appellants filed motion to enter judgment nunc pro tunc as of October 7, 1918 (the date of the docket entry "settled per decree on file"), setting out the docket entries down to and including the last mentioned, and alleged that said agreed judgment then and there became and was a valid, binding, and final judgment as between the parties to said judgment and their privies, including the present defendants; that said agreed judgment provided that plaintiffs should recover all the mineral rights in said land, and the defendant Roberts should recover the surface rights therein; that said agreed judgment by oversight was never prepared or filed or entered on the minutes of the court, all of which was unknown to them "until recent years," when the absence of same was discovered by them; that said agreed judgment was and is a valid judgment binding upon the "parties to this cause," and the present defendants holding title under "the said Claude C. Roberts are in privity with said judgment, and same is binding upon them," and prayed that said judgment be entered nunc pro tunc as of October 7, 1918, and that plaintiffs have judgment for the oil, gas, and other minerals under the land, and that defendants be given judgment for the surface rights in and to said land.

To this motion, the various defendants, November 7, 1930, answered by general demurrer, general denial, and specially that this suit was filed against Claude C. Roberts on September 14, 1915, and that no lis pendens notice or any other kind of notice of the pendency of the proceedings was placed of record to give persons dealing with said defendant, who was in possession of the land in question, any notice of any claim by plaintiffs. They denied that any judgment in the cause was ever rendered by the court

or entered on the court's minutes; that, though there existed an entry on the trial court's docket reading "settled per decree on file," no judgment was ever rendered or decree filed, and that defendants had no notice of said docket entry until long after their rights in and to the land were acquired by them by purchase for a valuable consideration then paid. They further answered that at the time of the alleged settlement (10—7—18) said Claude C. Roberts was the owner of an undivided one-half of said land, the other half being owned by one J. M. Wright, who, by general warranty deed, conveyed his half to said Roberts February 12, 1920; that thereafter said Roberts conveyed, for a valuable consideration, all of said Munson Bouse 320-acre survey to the City National Bank of Beaumont, which survey contains the land sued for by plaintiffs; that said City National Bank was without notice of said alleged judgment set forth in plaintiffs' motion; and that thereafter the defendants, all of whom held through said City National Bank, purchased their interest in said land for a valuable consideration and without notice of the docket entry set forth in plaintiffs' motion, or any notice of said suit, or that said alleged judgment, if any, had been rendered therein, and that it would be inequitable and prejudicial to them and those under whom they held through warranty deeds to now enter or permit judgment nunc pro tunc in said cause, plaintiffs having taken no procedure to place the defendants or any one dealing with defendant Claude C. Roberts upon notice of the claim by plaintiffs that such judgment had been rendered. They further answered that said Claude C. Roberts, sole defendant in said cause, at the time of the alleged rendition of said judgment, was dead, and had been dead for more than six years before the filing of said motion, and that, if said judgment was ever agreed upon, or rendered, as alleged by plaintiffs, they, the plaintiffs, had been guilty of negligence and laches in their failure to cause said judgment to be entered at a time when its terms could have been accurately ascertained, and before innocent third parties dealt with said land through purchases and otherwise, and prayed that the motion to enter judgment nunc pro tunc be refused.

Trial upon the two motions (to dismiss and to enter judgment nunc pro tunc) was had on February 6, 1931, the two being heard together, and evidence adduced as shown by the statement of facts on file herein. On said date, February 6, 1931, the motion to enter judgment nunc pro tunc was refused, and on February 7, 1931, the motion of defendants, Bordages, Gulf Production Company, et al., to dismiss the cause from the docket was sustained, and judgments accordingly entered. While exceptions to the judgment and

notice of appeal were taken and given as to and against both the judgment refusing to enter judgment nunc pro tunc and that dismissing the cause, no appeal was perfected from the judgment refusing to enter judgment nunc pro tunc; the appeal bond reciting and showing appeal only from the judgment dismissing the cause. This appeal is brought by an attorney who had no previous connection with the case.

Appellants' first and second assignments assert that the court erred in sustaining the motion to dismiss and in dismissing the cause, insisting that the evidence showed that they were not lacking in diligence in prosecuting their suit. We think the judgment dismissing the case should be sustained because:

(a) On October 7, 1918, an entry was made on the trial docket reciting "settled per decree on file." The undisputed evidence shows that no such decree was ever filed because some of the parties refused to agree to the terms of the supposed settlement. After the entry of the agreed settlement above set out, the case was dropped from the docket, the record placed with the disposed of cases, and was completely lost sight of, as is shown by the entries on the trial docket and the evidence, for some ten years. It is true that some attempted amended pleadings were filed in 1925 and 1927, but the case had not been restored to the docket, or any order made granting permission to file new pleadings. In December, 1928, it again appeared on the trial docket, but in what manner does not appear. A docket entry shows the case set for September 22, 1930. On September 18, 1930, the motion to dismiss was filed. The court properly sustained the motion to dismiss the case because the undisputed facts show that appellants, or those instituting the suit, had abandoned same. A litigant may not institute suit and then neglect to prosecute it for such length of time as to reasonably justify the belief on the part of opponents or other interested parties that the suit has been abandoned, and then proceed to prosecute it. Brooks Supply Co. v. Hardee (Tex. Civ. App.) 32 S.W.(2d) 384 (writ refused); Punchard v. Delk, 77 Tex. 104, 13 S. W. 615; Flanagan v. Smith, 21 Tex. 493, 496. In the last-cited case it was said that such conclusion (that the suit was abandoned) might reasonably have been arrived at sooner than "nearly five years." In the instant case there was a lapse of more than ten years, during which time the case did not appear on the trial docket. Especially is this true where third parties acquire an interest in the subject-matter of the suit without notice of such litigant's claim.

(b) In February, 1924, Claude C. Roberts, the sole defendant died. If it could be

said that at that time the suit of John Trahan v. Claude C. Roberts was still pending, said suit was abated because of Roberts' death, and the jurisdiction of the trial court to take further action therein ended by the failure of plaintiffs within a reasonable time thereafter, to comply with the then existing statute, article 1888, R. S. 1911 (now article 2080), and cause a scire facias to be issued for the administrator or executor or heirs of said deceased Roberts to appear and defend the suit. The suit thus having abated, and not having been revived, as provided by law, the trial court was without jurisdiction to further proceed with said cause, or to make any valid order therein other than to dismiss same. Article 2080, R. S. 1925; Alexander v. Barfield, 6 Tex. 400; Bissell v. City of Lavaca, 6 Tex. 54.

■ (c) On October 7, 1918, the docket entry "settled per decree on file" was made. It is undisputed that no decree was ever filed. Thereafter the case disappeared from the docket. No judgment was entered on the minutes of the court. No lis pendens notice or any manner of notice was ever placed of record. At the time said docket entry was made Claude C. Roberts owned and was in possession of an undivided one-half of the said Munson Bouse 320-acre survey. After said entry, and after said case had disappeared from the docket of the court, February 12, 1920, Roberts purchased by general warranty deed the other undivided one-half of said land from its owner, J. M. Wright. Thereafter, May 5, 1923, Roberts sold and conveyed all of said 320-acre survey to the City National Bank of Beaumont. Thereafter, the defendants, appellees herein, purchased for a valuable consideration their respective portions and rights in said land from said bank. The evidence is without dispute that said appellees, nor any of them, had any notice whatever of said docket entry or of appellants' claims to the land, or of the existence of this suit. It thus affirmatively appears that appellants' cause of action, if any they had when the original suit was filed in 1915, had ceased to exist, and therefore the trial court could properly do nothing but sustain the motion to dismiss the suit. 15 Tex. Jur. p. 275; Watkins v. Huff, 94 Tex. 631, 64 S. W. 682; Sanders v. Farrier (Tex. Civ. App.) 271 S. W. 293, 298.

■ (d) The amended petition on which it was sought to try the case attempted to make or substitute new parties defendant. The original party defendant was dead. Neither his administrator or executor, if there was one, nor his heirs, were made parties defendant, but only those who by purchase succeeded him in title to the property. The petition recited: "The said Claude C. Roberts has died and has left surviving him as his successors in title and as purchasers pendente lite herein, the above named parties who are made defendants in his stead."

Appellants sought by amendment to their petition to substitute entirely new parties defendant. It is well settled that this cannot be done. While the court may, in its discretion, allow additional parties plaintiff or defendant to be added or struck out, it cannot make an entire change of parties plaintiff or defendant. That would be tantamount to a new suit between entirely different parties. Volume 1, Ency. Pleading & Practice, p. 545; Schiele & Co. v. Dillard, 94 Ark. 277, 126 S. W. 835.

■ The remaining assignments pertain to the court's refusal to enter judgment nunc pro tunc. As we have stated, no appeal was taken from this action, and therefore the question is not before us. In any event, the action of the court was proper.

The judgment is affirmed.