## SLOAN v. BARTLETT et al.

No. 2191.

Court of Civil Appeals of Texas. Waco.

March 14, 1940.

Rehearing Denied April 25, 1940.

Prentice Oltorf, of Marlin, for appellant.

T. B. Bartlett and Robert D. Peterson, both of Marlin, for appellees.

GALLAGHER, Chief Justice.

This suit was instituted in the district court of Falls county on December 21, 1931, by appellees, T. B. Bartlett and Robert D. Peterson, to recover of appellant, Mrs. Sallie Sloan, and of William B. Cowan, the sum of $500 for legal services rendered by them to said parties. Appellees, at the time of the institution of this suit, resided in Falls county, Texas, appellant, Mrs. Sloan, in the state of Mississippi and said Cowan in the state of Tennessee. All of them have so resided continuously since said time. The legal services so rendered were in connection with appellant's claim to an interest in certain real estate situated in Falls county and an interest therein was adjudged to her in satisfaction of her claim. Since both appellant and said Cowan were nonresidents of this state, appellees sought to secure service of their petition under the provisions of Articles 2037 and 2038, Revised Civil Statutes. Notice according to the provisions of said articles was issued for service on Cowan on December 21, 1931. Return of service thereof on him on December 23, 1931, was duly verified on the same day and filed in this cause in said court on December 30, 1931. Notice according to the provisions of said articles was issued for service on appellant Mrs. Sloan on December 21, 1931. Return of service thereof on her on December 24, 1931, was verified on November 8, 1938, and such notice was filed in this cause in said court on November 10, 1938. There is no evidence that any attorney for any of said parties ever appeared in said court and asked for any order therein prior to October 27, 1938. A former judge of said court, sometime between the filing of said suit and December 21, 1934, entered on the docket page thereof the words "Retired Docket". The date of said entry was not further shown, nor was it shown that such entry was made at the instance of any of the parties to the suit. Appellees, on October 27, 1938, made affidavit and bond for attachment. A writ of attachment was issued on October 29, 1938, and on November 5, 1938, levied on certain real estate situated in Falls county as the property of appellant. It is apparently conceded that the same was the property of appellant, that it had belonged to her since prior to the institution of this suit and that Cowan had no interest therein. Judgment in favor of appellees establishing their debt and foreclosing their attachment lien was taken by default on November 10, 1938.

Appellant, on December 31, 1938, filed her motion to set aside said judgment. Said motion was verified, and alleged a meritorious defense. It was agreed by appellees that appellant never appeared in the cause in person, by attorney, by answer or otherwise up to the time she filed said motion; that there never was any understanding or agreement with her or notice to her or anyone representing her concerning said suit or concerning any action taken or contemplated therein or nonaction therein, between December 24, 1931, when she received copy of the original notice of said suit, and receipt of the sheriff's notice advertising the attached property for sale, which was mailed to her on December 6, 1938. It was further agreed by appellees that there was nothing done by them in the way of prosecuting their said suit between the 24th day of December, 1931, and the suing out of the writ of attachment on October 29, 1938; that the only entries ever made on the docket sheet, besides the names of the parties and the number and date of the filing of the cause, was the notation "Retired Docket", which was undated, and the notation "Judgment as per decree on file", dated November 10, 1938; and that there was never any setting of said cause between the dates above mentioned, nor any orders ever asked for therein except as above recited.

The court, on the 3d day of January, 1939, overruled appellant's motion to set aside the judgment rendered against her and grant her a trial on the merits. Mrs. Sloan alone prosecutes this appeal.

Appellant contends that under the circumstances recited, the lapse of nearly seven years between the service on her of notice of the filing of this suit and the filing by appellees of their attachment process, without any action whatever on their part and without any understanding or communication with appellant during such interval, as a matter of law authorized her to conclude that they had abandoned their suit and to treat the same as abandoned, and that she was therefore not charged with notice of the filing of the attachment proceedings nor of the taking of judgment establishing a debt against her and foreclosing an attachment lien. Based on such contention, she asks this court to reverse the judgment of the trial court and to remand the cause with in-

structions to dismiss the same. Such contention is supported by numerous authorities: Bogle v. Landa, 127 Tex. 317, 321, 322, 94 S.W.2d 154; Brooks Supply Co. v. Hardee, Tex.Civ.App., 32 S.W.2d 384, 386, writ refused; Flanagan v. Smith, 21 Tex. 493; Crosby v. Di Palma, Tex.Civ.App., 141 S.W. 321, writ refused; Trahan v. Roberts, Tex.Civ.App., 48 S.W. 2d 503; Hinkle v. Thompson, Tex.Civ. App., 195 S.W. 311; Beaudette v. City of El Paso, Tex.Civ.App., 247 S.W. 895, and authorities there cited. Authorities in direct conflict with the foregoing have neither been cited nor found.

Our holding on the foregoing issue renders immaterial discussion of other contentions presented by appellant.

The judgment of the trial court is reversed and the cause is remanded with instructions to dismiss the same.