to his contract, he has an undoubted right to enforce it by compelling payment. A contrary doctrine would be allowing the vendee to take advantage of his own negligence without any advantage to the vendor, but rather an injury, as he is, in the meantime, prohibited from selling the land to any other purchaser."

No affirmative evidence was necessary to show that the defendant did not elect to avail himself of his option. The reply admitted the defendant's cause of action upon the contract except the sum due, and that was established by undisputed evidence. There was no presumption in favor of the plaintiff, or any evidence in the case from which the referee could infer that the defendant terminated the contract. The defendant clearly was entitled to a finding of fact that there was then due from the plaintiff to the defendant the sum of $113.65, after deducting the amount found due the plaintiff for and on account of the matters set forth in the complaint.

The report is, therefore, against the evidence, and the judgment should be reversed, and a new trial granted; costs to abide the event. All concur.

---

COLUMBIA MUT. BUILDING & LOAN ASS'N v. MITTNACHT et al.

(Supreme Court, Appellate Division, Second Department. June 20, 1901.)

MORTGAGES—FORECLOSURE—DECREE—AMENDMENT OF ORDER—APPEAL.

    Where the trial justice hearing a suit to foreclose a mortgage determined that an issue as to whether the title to the mortgaged property was in a third person at the time the mortgage was given could not be passed on in that suit, and entered an order authorizing sale of the mortgagor's interest, if any, in the property, it was error for another justice at special term, on application to resettle the decree and decision, to so change the order as to decree a sale of the property, and direct that the same be delivered to the purchaser, since plaintiff's remedy, if the first order was erroneous, was by appeal, and not an application to the trial justice's successor for amendment.

Appeal from special term, Westchester county.

Suit by the Columbia Mutual Building & Loan Association against Jacob A. Mittnacht, as substituted trustee, impleaded with Timothy Hurley and others, to foreclose a mortgage. From an order of the special term of the supreme court amending a final decree entered on the decision of the trial justice, defendant Mittnacht appeals. Order vacated.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and SEWELL, JJ.

William G. Bussey, for appellant.
John H. Stoutenburgh, for respondent.

WOODWARD, J. This action was brought in the ordinary form for the foreclosure of a mortgage alleged to have been made and executed by the defendant Hurley on December 11, 1895, covering three lots of land. The defendant Mittnacht, as trustee for the estate of Frances A. Croft, by his answer denied on information and belief that the defendant Hurley had made default, or that there was any money due on account of the mortgage to the plaintiff; and for a

separate and further defense alleged that the defendant Hurley was not the real owner of the premises at the time the mortgage was made, but that, on the contrary, the premises were the property of the estate of Frances A. Croft, deceased, and that said defendant Hurley had no power to mortgage or create a lien upon the premises, or to bind them in any way. The case was tried in June, 1899, when the title of the said estate to the premises in question was shown by the production of a deed conveying the property to Frances A. Croft on October 13, 1887, and no evidence whatever was produced to show that Frances A. Croft or her estate had parted with the title, or that the mortgagor had any title whatever to the premises. The learned court reserved decision upon the questions involved, and in December, 1899, handed down a decision stating concisely the grounds on which the determination was based, as provided by section 1022 of the Code of Civil Procedure, in which it was held that, so far as the claim of paramount title was concerned, it could not be passed upon in this suit; and that the complaint should either be dismissed, so far as the suit had a tendency to affect this paramount right claimed, or else the interest claimed by the defendant Mittnacht to be paramount to the mortgage should be excepted from the operation of the judgment by a proper statement expressive of that qualification. This latter plan was determined upon, and subsequently both parties submitted proposed forms of decision; that proposed by the defendant being adopted by the court, in which it was held that "the plaintiff is entitled to judgment of foreclosure and sale of the premises described in the complaint as against the defendant Timothy Hurley and all persons claiming by, from, or under him, * * * and that the defendants in this action, and all persons claiming under them, be barred and foreclosed of every right, claim, lien, or equity of redemption in the said premises acquired or derived by, from, or under the said defendant Hurley." It was further provided that the form of final decree should be settled on five days' notice. Subsequently both parties submitted proposed forms, that of the defendant being signed by the justice before whom the case was tried, the decree being complete except that the sum of money due upon the mortgage was not filled in, and blanks were left for the amount of costs and allowance. In February plaintiff's attorney served notice of motion to resettle said decree by inserting the amount of $5,279.72 as the amount due from Hurley on said mortgage, and to also resettle said final decree and said decision so as to practically conform to the original proposed decision and proposed final decree as submitted by the plaintiff in the former motions, which had been rejected by the learned justice. The effect of the proposed resettlement would be to decree the sale of the premises, and to direct that the same be delivered into the possession of the purchaser, although, so far as the evidence goes, the title and possession of the property are in the estate of Frances A. Croft, or at least were not shown to be in the defendant Hurley, while the decree as made provided for the sale of "all the right, title, and interest which the defendant Hurley had on the 11th day of December, 1895, or has since acquired, in and to the premises." This motion was returnable and was argued on February 26, 1900,

but before it was determined the learned justice before whom it was heard had been transferred to the appellate division, and it was subsequently reheard by another justice of the supreme court, who made and signed the order resettling the decree in the manner and form suggested by plaintiff's attorney, with some additions, not necessary to be here enumerated. From this order the defendant Mittnacht appeals to this court.

The effect of this order is to reverse the decision of the justice who tried the case, and we are of opinion that this cannot be permitted. When the legislature gave to this court the power, under the provisions of section 1022 of the Code of Civil Procedure, to "award a new trial or grant to either party the judgment which the facts warrant," it evidently contemplated that errors, irregularities, or improper judgments or orders should be corrected, not by orders changing the form and substance by the court at special term, but upon appeal to this court. It is the appellate division alone which is authorized to "grant to either party the judgment which the facts warrant," and it would entail endless confusion, and great popular disrespect for the court, if the deliberate judgment of one justice could, upon motion, be overturned by another in the manner here attempted. The order appealed from should be vacated and set aside, leaving the plaintiff to its remedy by appeal from the judgment when the same shall be entered upon the decision of the court.

Order appealed from vacated and set aside, with $10 costs and disbursements. All concur.