(101 App. Div. 172)

### In re WHITE (three cases).

(Supreme Court, Appellate Division, Second Department. January 6, 1905.)

1. SPECIAL TERM ORDERS—REVIEW—APPEAL.

    A Special Term order is properly reviewable by appeal to an appellate court, and not by a motion made at another Special Term, presided over by another justice, to vacate the former order.

2. SAME—REVIEW.

    On appeal from orders of a Special Term denying motions to vacate certain other Special Term orders, the only question reviewable is whether the orders refusing to vacate were erroneously made.

**3. GUARDIANS—ACCOUNTS—SETTLEMENT—STAY.**

Where an order granting a stay of proceedings for the settlement of the account of the guardian of a minor's estate granted the guardian of his person 10 days in which to file amended objections, and he thereafter claimed that he was not able to file such objections, because vouchers and other specified accounts had not been filed, but there was an opposing affidavit to the contrary, it was not error to find that the failure to file such objections was not attributable to the fault of the guardian of the estate, and that the stay therefore expired at the end of the 10 days.

**4. SAME—ORDERS—HEARING.**

Where, on the hearing of the settlement of the accounts of the guardian of a minor's estate, a motion to annul the appointment of the guardian of the minor's person as his guardian ad litem, and to appoint another as guardian ad litem, was granted, and at the same time the minor, who was a young man 20 years of age, stated that he wished the accounts to stand as submitted, it was not error for the justice to allow the accounts, over the objections of the guardian of the minor's person that the moving party made little or no mention of his motion at the hearing, and that the objector had little or no opportunity to present his side of the controversy; it appearing that counsel for each party was allowed all the time he chose to occupy.

**5. SAME—ALLOWANCE FOR EXPENSES.**

Where the guardian of the person of a minor 20 years of age agreed that an order should be granted permitting the guardian of his estate to advance $200 for the minor's necessary vacation expenses, and $200 additional, if necessary, instead of $400 at once, as requested by the minor, who was about to enter college, and had property to the extent of $40,000 in the hands of the guardian, an order allowing the infant's request was proper.

**6. SAME—FORMER ORDERS—MODIFICATION—HEARING.**

An order to show cause why payments made to the guardian of a minor's person by the guardian of his estate should not be discontinued, and staying further payments, having been granted, it was subsequently modified by first removing the stay as to certain payments, and by a later order removing the stay as to all payments, which provided that the balance of the motion should be heard by a particular justice, other than the justice who made the original order. *Held*, that the justice referred to being unable by reason of absence to hear the question whether payments to the guardian of the minor's person should be discontinued, the infant's application for a hearing thereof could be properly entertained by another justice.

**7. SAME—GUARDIAN AD LITEM—REMOVAL.**

Where an infant 20 years of age alleged, in support of a motion to appoint a guardian ad litem in place of his father, that his father's appointment was made without notice to him, and that he opposed his father's appointment because the latter was actuated by personal feeling against the guardian of the minor's estate, and, if he continued to act as guardian ad litem, he would engage in large litigation with the guardian of the estate, at the expense thereof, a motion to vacate an order appointing another in the place of the minor's father as guardian ad litem was properly denied.

Appeal from Special Term.

Applications by Josiah J. White, as guardian of the person of Frederic Hall White, an infant, to compel an accounting of the Long Island Loan & Trust Company as guardian of the infant's property, and by Frederic Hall White, an infant over 14 years of age, for the payment by the Long Island Loan & Trust Company, as guardian of his property, of requisite funds for his support, and by Josiah J. White, as guardian of the minor's person, for the pay-

ment of certain of such funds. From four orders of the Special Term denying motions to vacate orders made on such applications at another Special Term, presided over by another justice, Josiah J. White appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, and HOOKER, JJ.

Josiah J. White, individually, guardian of the person and guardian ad litem of Frederic Hall White, appellant.

George S. Ingraham, for respondent Long Island Loan & Trust Co.

Henry Escher, Jr., respondent, individually and as attorney for Norman S. Dike and for Frederic Hall White, an infant.

PER CURIAM. This is an appeal from four orders of the Special Term denying motions to vacate orders made at another Special Term, presided over by another justice. It is not proper practice to seek a review of one Special Term by another, as in this case, but to appeal to an appellate court. We might with clear authority dispose of the appeal by the application of this rule. In Clapp v. Atterbury, 57 N. Y. Super. Ct. 579, 6 N. Y. Supp. 510, which presented the question of an appeal from an order denying a motion to vacate an order, the General Term said:

"The only ground on which the appellants could have claimed the order should have been vacated was that the order was erroneous. It was not claimed that the former order was made without notice, or that there was any irregularity of practice as to it. The order was valid until reversed for error. The learned judge below was not bound to hear an appeal from the order. Or if he still thought there was no error, even if it were supposed that error existed, a refusal to vacate was not injurious to appellant, for he, unless there had been laches, could appeal, and have the erroneous order reversed. And further, this court cannot proceed to inquire if there were error in the order so long as it is not brought before it upon an appeal."

In Platt v. N. Y. & Sea Beach Ry. Co., 170 N. Y. 451, 458, 63 N. E. 532, 534, the court say:

"The practice of moving before one judge at Special Term to declare void the order or judgment of another judge at Special Term is not sanctioned by any provision of the Code that I am aware of, or by any controlling authority. It virtually amounts to an appeal from one Special Term to another Special Term for a review of the first order."

If, however, we pass on to discuss this case, our action must not be taken as any indication of a policy to depart from the rule, or of an intent to make a precedent. There are some reasons why we deem it proper to make an exception. It must be borne in mind that we cannot and we do not consider these appeals as if taken from the orders themselves, which course was free to the appellant, for the question presented is whether the orders refusing to vacate the orders were erroneously made. If they were not, then the appeals must fail. This is the peril of an appellant who has chosen to rest his case, not upon a direct review, but upon the refusal of one Special Term to undo what another has done. These motions were addressed to discretion, and it should appear that the discretion was not fairly exercised within judicial bounds before

we, in the exercise of our discretion, disturb the results reached. By grace of this court, the appellant was permitted to present his appeals in one record. That record is long, and replete with or-. ders and affidavits. For convenience of identification, each order and affidavit has been marked by the appellant by the figures 1, 2, 3, and 4; many, however, bearing more than one mark, to indicate the particular motion to which such order or affidavit refers. It has been no easy task to render each order and affidavit to its particular motion. And yet, though we must limit our view to the record presented upon the motions for vacation, practically it is not much confined, for the recitals of these orders are very comprehensive. And in the course of our discussion we shall consider the more salient points made by the appellant, though he does not always remember the difference between a direct review and that which we must make in this appeal.

The first order refuses to vacate an order which settles the accounts of the Long Island Loan & Trust Company as guardian of the property of Frederic Hall White, the infant son of the appellant. The appellant moves as guardian of the person and as guardian ad litem. It is urged that it was shown to the Special Term that the trust company and its attorney were stayed at the time they obtained the order to show cause which initiated the proceedings terminating in this order or decree. To sustain him, the appellant referred to an order, which is found in Separate Appendix A. In his affidavit he deposed that the order denied a motion of the attorney of the trust company, with $10 costs, and stayed the trust company from proceeding further in the matter. But the opposing affidavit of that attorney, which was omitted in the recital of the order now on appeal, and was inserted only by a resettlement, showed that this order relied upon by the appellant was secured in April, that he had thereunder 10 days to file amended objections to the account, that the stay extended only for those 10 days, and that no objections up to that time (July) had ever been filed, to the best of the affiant's information and belief. Examination of the order seems to sustain this view. Of course, the appellant, by his omission to file objections, could not make the stay perpetual, or even extend it. The appellant deposed that the trust company was primarily at fault, because, although it had filed the account, yet it had not filed vouchers and other specified accounts so that he could object. But the opposing affidavit is contrary. If the papers actually filed were not those required, or all of those required, the appellant was free to move under the order itself. He construed the compliance, he admitted, as not full compliance, at the peril of having such allegation of noncompliance controverted, and, if the controversy prevailed, of being himself charged with fault. We cannot say that the court erred if it accepted the version of the trust company's attorney as correct, and, if it did, then certainly there was no stay after the lapse of 10 days, and the failure during that period of the appellant to file objections. The second ground of objection is that there was practically no hearing when the motion was heard. The defendant had engaged counsel

the night before, and the counsel naturally wished an adjournment for a week, and, besides, made excuse that he was actually engaged. The court regarded the engagement, but set the hearing down for the next day. No reason appears why the appellant delayed this retainer until the eve of the hearing. And at the appointed time, when further delay was denied, the appellant and counsel went on with the argument. This complaint as to the hearing is twofold: First. It is urged that the moving party made little or no mention of his motion. That was his own concern alone. Second. It is urged that the appellant had little or no opportunity to present his side of the controversy, either by stating or reading the affidavits or by argument. The conduct of the motion was naturally within the control of the justice presiding. No other justice and no other court can make a hard and fast rule for the dispatch of business at Special Term. That must be regulated by the volume of business, and the wish of the judge presiding for long or brief argument, and it is naturally subject to the individual temperament and individual method of the justice. Of course, there may be a review where there is absolute oppression or absolute suppression, but not short of this. But there was presented to the Special Term that made this order appealed from the affidavit of the opposing counsel that each counsel was allowed by the court all the time he chose to occupy. And the court was free to accept such statement. And in addition, such affidavit set forth the following as the facts: The infant at this time was a young man of 20 years of age. He had been furnished with a copy of the account, and of this appellant's (his father's) objections thereto. The infant had stated to the affiant that he wished the accounts to stand as submitted. He had also stated that he desired the removal of the appellant as guardian ad litem, as he wished to make his own choice, and had given apparently substantial reasons for that wish, which were set forth, but which we will not repeat. The infant and his father were in court. The attorney for the accounting party then said to the court that since the preparation of the papers the infant desired to have the appellant removed, and Mr. Dike appointed guardian ad litem, and that, if such motion were granted, the appellant would have no standing. There was a motion at the same time before the court to this end. The court marked the account for decree subject to the scrutiny of the guardian ad litem. The motion to appoint Mr. Dike prevailed. This excluded the appellant, who had long theretofore been appointed. Mr. Dike examined and reported as guardian, and thereupon the decree was made. The propriety of that appointment is discussed further on. It might well be asked why the court should hear a long discussion of the accounts by a guardian ad litem for whose removal a motion was then about to be heard. After the appointment of another, why should the court hear him who no longer had any status? In addition, there is a long and detailed complaint relative to the indignities received by the appellant at the hands of the justice, counsel, and court officers, incident to the preparation and submission of papers. We cannot see how this recital has any direct bearing on the denial of the

motion to vacate the decree. There may have been persistence met with disregard, and assertion of rights met with indifference, and disputes between counsel only short of personal collision; but these matters cannot change, much less control, the disposition made by the Special Term upon this review. We cannot see why its order in the first appeal should be disturbed.

The second order denies a motion to vacate an order of July 14, 1904, granted July 15, 1904. The order directed the Long Island Loan & Trust Company, as guardian of the property, to pay the petitioner, this infant, $400 for certain expenses. The petitioner on July 9th showed that he was upwards of 20 years of age; that his property in the hands of the guardian was $40,000; that he had been studying for the last month at Cambridge, Mass., to enter Harvard University; that his father had been drawing $275 a month for the petitioner's support, but had refused to make any allowance for a vacation unless the petitioner sided with the father against the trust company; that he desired a vacation; that the sum of $400 would be requisite; and that he had no funds. Wherefore he prayed for such allowance and the right to a vacation. The appellant had opposed the order. He showed that an order of the court theretofore made, in 1902, directed the trust company to pay such suitable amount for the infant's vacation as should be approved by him as guardian, and alleged his willingness, theretofore stated, to approve of a draft of $200 for vacation expenses to St. Louis, and on his son's return a further draft for a suitable amount "for vacation expenses at any summer resort to be chosen by him." The appellant urges that the order was uncalled for and interfered with his prerogatives; that there was not a particle of necessity for advancing $400 in one sum, as it resulted in squandering and the prevention of study; that leave for a vacation was hurtful and in violation of the natural rights of the parent. The concrete things are that the court granted an allowance of $400, and leave to take a vacation, when the parent, on his own showing, was willing to consent to $200, and a further sum later, suitable for vacation expenses. He thus conceded on the hearing the very matters which he thereafter urged against the order, save that the order awarded $400 in a lump sum, while he thought $200 should be first allowed, and then whatever sum was necessary for vacation expenses. The proposition is as to the difference between $200 plus X, and $400, when X represents the vacation expenses of a lad of 20 years, about to enter Harvard University, at any summer resort selected by the son. The court did not err in refusing to vacate this order to the guardian of the property.

The third order denies a motion which evidently is to vacate the order of July 16, 1904, that the payments of $275 a month to the appellant, as guardian of the person of the infant, be stopped, and that no further sum be paid to him save by order of the court. This order of July 16th recites:

"On reading and filing the order to show cause herein, dated the 29th day of April, 1904, and the papers on which the same was granted, the order of June 3, 1904, appointing Norman S. Dike, Esq., guardian ad litem in this proceeding, the order of June 4th, vacating the stay in this proceeding, and making directions as to the disposition of the balance of the motion, and the order to show cause, dated the 9th day of July, 1904, and the affidavits of

Henry Escher, Jr., dated the 9th and 16th days of July, 1904, on which the same was granted, in support of the motion, and the affidavit of Josiah J. White, dated July 12, 1904, in opposition."

Now, we find the order of April 29, 1904, which recites that "the annexed affidavit of Frederic Hall White was read and filed," and which, with certain other orders, was the basis of the application, but we cannot find the affidavit of the infant. Yet we have just shown that this affidavit must have been considered by the court in making the order of July 16th. When the Special Term made the order now appealed from, it recited the reading and the filing of the said order of April 29th, but it does not appear that it had before it the papers which accompanied that order, so far as the affidavit of the infant is concerned. We have searched the record for it in vain. If the learned Special Term had not such an affidavit before it, it certainly would have no warrant for vacating the order, for here was an application by an infant nearly of age, who petitioned that the payments for his support to his father should cease. This affidavit must have been the very crux of the case. Aside from the ethics of the matter, the practical question, after all, is whether the parent should have received $275 a month for the support of his son from July 16, 1904, to some time in the month of December, 1904, when the infant reached his majority.

It is contended that there was nothing to be presented on the motion which resulted in the order cutting off these payments. The order of May 23, 1904, modified the stay of the order of April 29, 1904, so that such payments might be made for December, 1903, and January and February, 1904; and the order of June 4, 1904, vacates and sets aside the stay in the said order of April 29, 1904, so far as the payments are concerned. But it specifically orders:

"Ordered, that the balance of the said motion begun by the order to show cause dated April 29, 1904, be, and the same hereby is, referred to Mr. Justice Marean for decision."

The order of April 29, 1904, was that the appellant and the trust company show cause why an order should not be made, directing the discontinuance of those payments, and why the company should not withhold payments which had not theretofore been made. It stayed all payments. From the fact that thereafter orders first removed the stay as to certain payments, and later as to all payments, it cannot be said that the court erred in its order of June 4, 1904, in referring "the balance," because there was none. The question still remained whether the payments should be discontinued. All that had been eliminated was the stay against payments until that question was determined. The application for the order to show cause which resulted in the order of July 16th, cutting off the payments, gave the history of the order of April 29, 1904, and the modifications referred to and set forth, and showed that pursuant thereto all payments already due on June 1, 1904, were made to the appellant, but since that time he had made no effort to bring on the "balance" for a hearing before Justice Marean; that the said justice had gone abroad; that the appellant had known of such intention, and made no motion; and that it was of vital importance to the infant to have the question determined whether the appellant should continue to draw this allowance. Wherefore it was asked that the

"balance" of the motion might be heard. The order of April 29, 1904, was not made·by Mr. Justice Marean; there was no particular reason why he should hear "the balance"; and, if he were abroad in his vacation time, there was no reason apparent why the application of the infant for a hearing should not be entertained and the hearing afforded by another justice.

Order No. 4 denies a motion to vacate an order which appointed Mr. Dike guardian ad litem. The court had before it the order, which recited the affidavit of Frederic Hall White, the infant. He deposed that the orders of January, 1902, and February, 1904, whereby this appellant was appointed guardian ad litem, were made without notice to him, and he recited what the appellant has done and has omitted. He states that he is opposed·to the appointment of the appellant "for the reason that said Josiah J. White is determined to cause as much litigation as possible in the estate of deponent, regardless of the necessity therefor; that he is strongly opposed to the trust company aforesaid, and is actuated by personal feeling against it; that, should he continue to act as guardian ad litem, much litigation and consequent expense would necessarily ensue to deponent's estate." He asks for the appointment of Mr. Dike. We think that the order refusing to vacate must be affirmed. Section 470, Code Civ. Proc. The son is of age. Not unfilial, he seems to differ from his father in his opinion of his guardians, and in all·things to act accordingly. We think· that all of the motions were properly denied.

Orders affirmed, with $10 costs and disbursements.