J. J. SPURR & SONS, Inc., v. EMPIRE STATE SURETY CO. et al.

(Supreme Court, Appellate Division, Second Department.   November 22, 1907.)

1. MOTIONS—VACATING ORDER — DEPOSITIONS — SETTLEMENT OF INTERROGATORIES.

A motion at Special Term to vacate an order settling interrogatories to be annexed to a commission to take testimony without the state, on the ground that the settlement was contrary to law and the general rules of practice, is unauthorized; an appeal to the Appellate Division being the proper practice.

2. DEPOSITIONS—COMMISSION TO TAKE TESTIMONY—COURT'S JURISDICTION.

Code Civ. Proc. §§ 887–892, provide for the issuance of a commission to take the testimony of witnesses without the state in answer to interrogatories settled by consent or by the court, and that either party must be allowed to insert in the interrogatories any question pertinent to the issue which he proposes. Held, that the justice under whom the interrogatories are settled has no power to pass upon objections to them, since

the settlement is required only for the purpose of authenticating the interrogatories which the commissioner is to propound to the witness.

Appeal from Special Term, Kings County.

Action by J. J. Spurr & Sons, incorporated, against the Empire State Surety Company and William F. Fischer. From an order of the Special Term, vacating an order of Mr. Justice Abbott settling interrogatories annexed to a deposition to be taken without the state, the Empire State Surety Company appeals. Reversed.

See 117 App. Div. 816, 102 N. Y. Supp. 1065.

On the 3d day of September, 1907, the defendant Empire State Surety Company served notice of motion for a commission to take the testimony of certain witnesses of the defendant in Newark, N. J., upon written interrogatories. Said motion was argued on the 9th day of September, 1907, and was granted by Mr. Justice Abbott, and an order entered to that effect on the 10th day of September, 1907, that a commission issue to Thomas L. Raymond, a judge of a court of record of the state of New Jersey, and that the plaintiff's cross-interrogatories be served on the attorneys for the defendant within five days after the service of the direct interrogatories of the defendant upon the attorney for the plaintiff. There was no provision made in said order for the settlement of said interrogatories. On the 10th day of September, 1907, the defendant Empire State Surety Company served its direct interrogatories pursuant to said order, and the plaintiff herein served its cross-interrogatories within five days from the service of said direct interrogatories as provided in said order, to wit, of September 16, 1907. On the 18th day of September, 1907, the defendant Empire State Surety Company served upon the attorney for the plaintiff notice of settlement of said direct interrogatories and said cross-interrogatories, and said notice of settlement provided that both the direct and cross-interrogatories would be settled pursuant thereto on the 20th day of September, 1907, at a Special Term of the Supreme Court, Kings County, at 10:30 o'clock a. m. on this date. On the 19th day of September, 1907, the defendant Empire State Surety Company served a notice of withdrawal of its said notice of settlement of the direct and cross interrogatories. Upon the receipt of said notice of withdrawal the attorney for the plaintiff returned the same to the attorney for the defendant as not within the rights of the attorney for the defendant to withdraw said notice of settlement, and notified said attorney for the defendant that the interrogatories and cross-interrogatories would be settled pursuant to said notice of settlement. On the 20th day of September, 1907, the attorney for the plaintiff and Edward Ward McMahon attended court on said notice of settlement, placed the same on the calendar, and upon the call of the same both the attorney for the defendant and the attorney for the plaintiff answered and appeared, and the attorney for the plaintiff submitted its objections to the direct interrogatories of the defendant, which said objections are filed with the clerk. On September 19, 1907, defendant served upon the attorney for the plaintiff a new notice of settlement, with copies of certain redirect interrogatories. On the morning of the 21st day of September, 1907, defendant's second notice of settlement was placed upon the calendar, and when said case was called the attorney for the plaintiff appeared specially, objected to said proceedings, and filed a notice of special appearance and a protest to said proceedings with the court. On the 20th day of September, 1907, pursuant to said first notice of settlement, the attorney for the plaintiff filed with the court its objections to the form of the direct interrogatories of the defendant Empire State Surety Company. No ruling has been made by the court upon said objections. On the 21st day of September all the parties appeared before Mr. Justice Abbott, the plaintiff specially objecting, and thereafter, on the 24th day of September, said justice settled said interrogatories. On the 2d day of October, 1907, plaintiff moved at Special Term before another justice for an order vacating and setting aside the interrogatories as settled by Mr. Abbott and striking out the redirect interrogatories submitted by the defendant, and this motion was granted; the order providing also that the objec-

tions filed by plaintiff to said certain direct interrogatories be and the same hereby are in all respects sustained.

Argued before WOODWARD, JENKS, RICH, and MILLER, JJ.

Hugo Hirsh, for appellant.

Edward Ward McMahon (Charles Thaddeus Terry, on the brief), for respondent.

RICH, J.   This appeal is taken from an order of the Special Term vacating an order of Mr. Justice Abbott settling interrogatories annexed to a deposition to be taken without the state.   The appellant contends that in granting this order the learned justice at Special Term passed in review upon the action of another justice, and that his action in sustaining the objections interposed by the plaintiff to defendant's direct interrogatories was unauthorized.   The motion to vacate was not based upon the ground that the settlement was the result of "mistake, inadvertence, surprise, or excusable neglect."   On the contrary, the moving papers showed plaintiff's claim to have been that the settlement was contrary to law and the general rules of practice. We think that, if the plaintiff felt itself aggrieved by the action of Mr. Justice Abbott, the proper practice would have been to appeal to this court; but instead it moved for a rehearing before another justice. This action was unauthorized and the order must be reversed.   Matter of White, 101 App. Div. 172, 91 N. Y. Supp. 513; Platt v. N. Y. & Sea Beach Ry. Co., 170 N. Y. 451, 63 N. E. 532; Columbia Mut. Building Ass'n v. Mittnacht, 62 App. Div. 425, 427, 70 N. Y. Supp. 1098.   In the latter case Mr. Justice Woodward, in discussing this subject, says:

"The effect of this order is to reverse the decision of the justice who tried the case, and we are of opinion that this cannot be permitted.   When the Legislature gave to this court the power, under the provisions of section 1022 of the Code of Civil Procedure, to 'award a new trial or grant to either party the judgment which the facts warrant,' it evidently contemplated that errors, irregularities, or improper judgments or orders should be corrected, not by orders changing the form and substance by the court at Special Term, but upon appeal to this court.   It is the Appellate Division alone which is authorized to 'grant to either party the judgment which the facts warrant,' and it would entail endless confusion and great popular disrespect for the court, if the deliberate judgment of one justice could, upon motion, be overturned by another in the manner here attempted."

There is a further reason why this order must be reversed.   The justice at Special Term undertook to pass upon the objections to defendant's direct interrogatories.   We are unable to find any authority in a case where a deposition is to be taken out of the state under which the justice before whom interrogatories are settled is permitted to pass upon objections.   In discussing this precise question Judge O'Brien, in Wanamaker v. Megraw, 168 N. Y. 125, 131, 61 N. E. 112, 113, says:

"The commission was issued in this case and the interrogatories settled under sections 887–892 of the Code of Civil Procedure.   The interrogatories in such case may be settled by consent or by a judge of the court or a county judge.   Section 891.   The settlement of the interrogatories is in no sense a decision that they are competent or proper, and the judge has no power to change or amend them, or to reject any of them.   The allowance or settle-

ment is required only for the purpose of authenticating the interrogatories as the ones which the commissioner is authorized to propound to the witness. He cannot propound any other than such as are thus allowed and authenticated by the judge, but the allowance has no other effect. This is very clear, since by section 892 'either party must be allowed to insert therein any question, pertinent to the issue, which he proposes.' It is very plain, therefore, that the judge on the settlement cannot pass upon the competency of any question, and, of course, he cannot then know what answer will be given."

It follows, therefore, without passing upon the other questions presented, that the order must be reversed, with $10 costs and disbursements. All concur.