### McCLAREN RUBBER CO., Inc., v. WILLIAMS AUTO SUPPLY CO. OF BIG SPRING et al.
### No. 1364.

Court of Civil Appeals of Texas. Eastland.
Dec. 21, 1934.

Morrison & Morrison, of Big Spring, for appellant.

Thomas & McDonald, of Big Spring, for appellees.

FUNDERBURK, Justice.

This suit was brought by McClaren Rubber Company, Inc., a corporation, against the Williams Auto Supply Company of Big Spring, a corporation, and J. L. Rush, H. S. Hart, and F. V. Williams, as individuals. It was sought to hold the defendants liable both upon certain notes executed by them, and also upon a contract guaranteeing payment of indebtedness owing by Williams Auto Supply Company to the plaintiff. These facts are disclosed by the plaintiff's original petition, which was its trial pleading. The judgment was in favor of the defendant J. L. Rush to the effect that plaintiff take nothing against him, and the only disposition disclosed by the record or mention made of his codefendants is a recitation in the judgment as follows: "It appearing to the court that on the 22nd day of September, A. D. 1933, during the September term of this court, by reason of his adjudication and discharge in bankruptcy F. V. Williams was dismissed from this suit, and on said day judgment was rendered against The Williams Auto Supply Company of Big Spring, a corporation, J. L. Rush and H. S. Hart, the other defendants herein, and that thereafter, on the 25th day of September, A. D. 1933, said judgment was set aside as to the defendant J. L. Rush, but as to the defendants The Williams Auto Supply Company of Big Spring, a corporation, and H. S. Hart, said judgment was and is a final judgment. Therefore," etc. Then follows the simple adjudication that plaintiff take nothing by its suit against said J. L. Rush, defendant, and that the latter go hence, etc. This appeal is prosecuted by the plaintiff from said judgment.

We are unauthorized to consider the questions presented upon this appeal upon their merits, for the reason that the record shows no final judgment. The trial court was evidently of the opinion that it could render two final judgments in the case. As disclosed by recitations in the judgment from which the appeal is attempted to be prosecuted, the court had previously on September 22, 1933, rendered judgment against Williams Auto Supply Company, J. L. Rush, and H. S. Hart. That judgment the court, on September 25, 1933, attempted to set aside as to J. L. Rush only, leaving the former judgment in effect and final as to the other two defendants. This the court had no power to do. The legal effect of its action was to set aside the judgment as to all defendants. It was therefore necessary to make some subsequent disposition of all the defendants and not merely the defendant Rush. Not having done so, the judgment affecting Rush only is not final. In Long v. Garnett, 45 Tex. 400, there was a verdict and judgment against all the defendants, but on motion of two pleading non est factum the court granted a new trial as to them, but at the same time directed that the judgment remain in full force as to Samuel Long and Charles Berry. Upon writ of error sued out by the latter, the court held: "There is evidently no such judgment as will support an appeal, and the motion to dismiss must be sustained." The court said: "In dismissing the case, it is deemed proper to say that we regard the legal effect of the order of the court granting a new trial as to two of the parties, to be, to so far vacate the entire judgment as to render the issuance of execution thereon unauthorized. Under the statute there is only one final judgment to be rendered in a case, and that judgment is not divisible." R. S. 1925, art. 2211, among other things, provides: "Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law." The instant case falls within no exception otherwise provided by statute. The decision in Long v. Garnett, supra, to the effect that setting aside a judgment against two or more defendants as to one of them sets aside the judgment as to all, has been reaffirmed in a number of subsequent decisions of the Supreme Court. Texas Central Railway Co. v. Moore, 103 Tex. 349, 127 S. W. 797; Wiseman v. Cottingham, 107 Tex. 68, 174 S. W. 281; Trujillo v. Piarote, 122 Tex. 173, 53 S.W.(2d) 466; Wootters v. Kauffman, 67 Tex. 488, 3 S. W. 465; Linn v. Arambould, 55 Tex. 611; G., C. & S. F. Ry. Co. v. James, 73 Tex. 12, 10 S. W. 744, 15 Am. St. Rep. 743.

We therefore conclude we have no authority to do otherwise than to dismiss the appeal, and it is accordingly so ordered.