## A. E. SAYLES *vs.* JOHN McLAUGHLIN.

JULY 24, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action of trespass *quare clausum fregit* which was brought in the district court for the ninth judicial district by writ returnable and returned on May 14, 1914, after being duly served on the defendant. Jury trial was claimed and it reached the superior court on June 6, 1914. It was assigned for trial to January 4, 1915, but was not tried then nor at any time later. The defendant died on March 18, 1917, leaving a will, which was duly probated; and executors were appointed by the proper court of probate and qualified as such.

The plaintiff's claim of pending action was duly filed against the defendant's estate and disallowed, and on January 26, 1918, an appearance was duly entered in the case by Elizabeth McLaughlin, one of the executors of the will of the defendant. These executors resigned on March 25, 1919, no proceedings in the case having been taken in the meantime; and the Industrial Trust Company, a Rhode Island corporation, was appointed administrator, *d.b.n.c.t.a.* in May, 1919 and duly qualified on June 25, 1919. The notice of its appointment and qualification was first published July 23, 1919. On May 3, 1923 its final account as such administrator

was allowed by the probate court, nothing having been done about the plaintiff's action by anybody since January 26, 1918.

The next thing that was done in or about the case was that on October 24, 1938 the plaintiff filed a motion that the Industrial Trust Company, as administrator as aforesaid, be summoned in to defend the case. This motion was granted by the superior court and the company was duly summoned in. The plaintiff then filed a motion that the case be assigned for trial; and the company, entering a special appearance in the case for that purpose only, filed a motion that the case be dismissed for want of prosecution.

Notices having been properly given, these two motions came on for hearing in the superior court. At the hearing the motion of the company was granted and that of the plaintiff was denied. The case is now before us on the exception taken by the plaintiff to the granting by the superior court of the company's motion that the case be dismissed. The plaintiff has raised two questions: 1. Has the superior court jurisdiction, in its discretion, to dismiss an action at law, for failure of the plaintiff to prosecute the case with reasonable diligence? 2. If the superior court has such jurisdiction, was there an abuse of discretion in the granting of the motion to dismiss in the present case?

Apparently at common law in England and until comparatively modern times in this country, there was no such recognized proceeding in the courts of common law as the dismissal of an action on motion of the defendant. Such a proceeding was confined to courts of equity. 6 Enc. Pl. & Pro. 831; 9 R. C. L. p. 192. Under the latter citation we quote: "The dismissal of an action was unknown at common law, this method of disposing of suits being confined to those in equity. In statutes and under codes generally, 'dismissed' is now frequently used interchangeably with 'nonsuit', and applies in both actions at law and suits in equity."

Counsel for the plaintiff in this case contends that in this state, except by virtue of a statute, there has been no instance of the dismissal of a case after the pleadings were closed and it was ready for trial. He has cited three statutes under which there might be such a dismissal: When an order for further surety in an action of replevin is not complied with, general laws 1923, chap. 387, sec. 4 (G. L. 1938, ch. 589, §4); when an order for a bill of particulars has not been complied with, G. L. 1923, chap. 338, sec. 9 (G. L. 1938, ch. 517, §1); when an order for surety for costs has not been complied with, G. L. 1923, chap. 345, sec. 4 (G. L. 1938, ch. 536, §4).

It is noteworthy that in all these instances the ground for dismissal was noncompliance with an order of the court. Counsel for the defendant have not cited to us any other statute of this state providing for the dismissal of an action at law on any other ground and we know of none.

Mostly in comparatively recent years there have been a number of reported cases in which this court has reviewed decisions of a lower court on motions by defendants to dismiss actions at law, but it will be noticed that none of these was a case of dismissal of an action at law for want of prosecution.

The earliest of these cases which have been called to our attention by counsel for the defendant in the instant case is *Edwards* v. *Hopkins*, 5 R. I. 138 (1858). In that case there had been brought, in the court of. common pleas, an action of assumpsit in which the amount involved proved to be less than fifty dollars, though the *ad damnum* was one hundred dollars. Fifty dollars being the minimum requirement for jurisdiction in that court, the defendant moved that the action be dismissed for want of jurisdiction; but the motion was denied.

The supreme court stated that the court of common pleas had the power to dismiss an action for want of jurisdiction

in the court, if the plaintiff was trying in bad faith to impose upon the court a jurisdiction that it did not have. It held, however, that this was a matter within the discretion of the trial court and it therefore overruled the defendant's exception.

In *New England Commercial Bank* v. *Stockholders of Newport Steam Factory,* 6 R. I. 154 (1859), it was held that two actions at law must be dismissed, if no writs and declarations were found among the court papers and they were not replaced.

In *Horton* v. *Champlin,* 12 R. I. 550 (1880), a certain lawyer had been the attorney for A in a previous action, in which A, who was the defendant therein, had recovered a judgment for costs against B, who was the plaintiff therein. Then this lawyer brought, in the name of A, the later action of debt against B on A's judgment for costs. This having been done without authority from A, the defendant B moved that the action be dismissed. The court of common pleas denied the motion, but the supreme court held that it ought to have been granted, as the plaintiff was not legally in court.

Also in *Clarke* v. *Rice,* 15 R. I. 132 (1885), the defendant had moved that the action be dismissed on the ground that the attorney who had brought it had done so without authority from the person in whose name it was brought. The court of common pleas held that only the one named as plaintiff could object and therefore denied the motion. When the matter reached the supreme court on the defendant's exception to this ruling, it was held that the defendant could raise the question, but that on the merits the motion should have been denied and therefore sustained the decision below. In none of the cases so far discussed had the action properly got into the court at all.

In *Taylor* v. *Burns,* 16 R. I. 663, (1889), the action had been dismissed on the motion of the clerk of the court of

common pleas for nonpayment by the plaintiff of the clerk's fee for continuance of the case to the next term. The plaintiff had not complied with the required procedure for keeping the action in the court. The dismissal was not reviewed by the supreme court.

In *Saunders* v. *Pendleton,* 19 R. I. 292 (1895), the common pleas division of the supreme court had granted a motion by the defendant that the action be dismissed on the ground that the declaration did not state a good cause of action. But the appellate division reversed this decision, because the declaration, though technically defective in form, contained a substantial statement of the cause of action and the motion of the defendant, after pleading the general issue, came too late. Apparently the question was not raised as to whether the motion would have been proper, if the defendant had made it before pleading.

In *Haskins* v. *Providence Washington Ins. Co.,* 27 R. I. 152 (1905), after the common pleas division of the supreme court had sustained a formal demurrer to the plaintiff's declaration in assumpsit, the plaintiff was directed to amend his declaration within a certain time, but failed to do so. A motion by the defendant that the action be dismissed was then granted. In the appellate division a petition by the plaintiff for a new trial, based on the contention that this ruling by the common pleas division was erroneous, was denied on the ground that the action was properly dismissed for disobedience of the order of the court. Attention, however, should be called to the fact that the conclusion of the opinion was as follows: "The petition for a new trial is denied and the cause remitted to the Common Pleas Division with directions to enter judgment for the defendant."

It should be observed that in none of the cases so far discussed does it appear from the report that any question was raised by the plaintiff or considered by the court whether

the procedure by a motion to dismiss the action was a proper mode of procedure in an action at law. In the last case the form of the final order indicates clearly that the view of the appellate division of the supreme court was that the proper procedure by the defendant, in the common pleas division, was by a motion for entry of judgment for the defendant on the decision sustaining the demurrer to the declaration.

In *Ryder* v. *Brennan,* 28 R. I. 538 (1908), it was held by the supreme court that the superior court had erred in dismissing an action at law on the ground that the court was without jurisdiction because the actual amount involved was not large enough. The reason given for the reversal was that the amount of damages stated in the *writ* was large enough and that that was conclusive of the jurisdiction.

In *American Electrical Works* v. *Devaney,* 32 R. I. 292 (1911), the supreme court said in its opinion: "Doubtless if these defects had been brought to the attention of the Superior Court the action would have been dismissed for want of jurisdiction." The defects were that there had been no proper service of process on the defendants.

In *Chew* v. *Superior Court,* 43 R. I. 194 (1920), an action had been dismissed for want of jurisdiction over the defendant because there had been no valid service of a writ upon him. In none of these three last cases was any question raised as to the propriety of the procedure by motion to dismiss and, further, all of them were based on some kind of want of jurisdiction.

In these matters of jurisdiction the question is whether the action itself or the party defendant has been really before the court and we see no objection to bringing that question before the court by a motion to dismiss. But the dismissal of an action, when it has been properly brought, and the court has jurisdiction over both the subject matter and

the parties, and the action is at issue on the pleadings, is a very different affair.

We can see some justification for a dismissal for an unjustified and persistent refusal of the plaintiff to obey an order of the court. No other punishment may sometimes be adequate or effective. But, otherwise, after an action and the parties thereto and the subject matter are all properly before the court, and the case is at issue on the pleadings, we have come to the conclusion that the superior court of this state has no power at common law to dismiss the case, on the motion of the defendant, for mere inaction by the plaintiff, no matter how long continued. No precedent, in the reported cases in this state, for the exercise of such a power has been called to our attention nor have we found any.

This conclusion seems to us particularly clear in a case where, as in the instant case, the defendant has been equally inactive and the motion to dismiss is not filed until after the plaintiff has resumed activity and taken steps to have the case tried.

Counsel for the defendant have cited to us many cases in other states in which it has been held that a trial court may in its discretion, on motion by the defendant, dismiss an action at law for want of prosecution. In some of these cases the dismissal was based on the ground that the plaintiff's delay had been such as to convince the defendant and the court that the plaintiff had abandoned the case. Very few, if any, of them have been cases in which the defendant's motion to dismiss was filed after the plaintiff had moved that the case be assigned for trial or had otherwise again become active in it.

In *Johnston* v. *Standard Mining Co.*, 148 U. S. 360, 370, and other cases which have followed it, the courts in the exercise of their common law jurisdiction have simply bor-

rowed from courts exercising equity jurisdiction the doctrine and practice of dismissal for laches by the complainant and renamed it "dismissal for want of prosecution", ignoring the fact that the equitable doctrine of laches is unknown to the common law. Delay *before* the institution of an action at law, no matter how long, is not a bar, except by operation of a *statute* of limitations, and we have great difficulty, to say the least, in understanding why it should be any more fatal *after* the institution of an action, except by operation of a statute.

Other cases cited by the defendant's counsel have been decided in states in which the distinction between law cases and equity cases has been largely or wholly abolished by statutes and there has been a merger of legal and equitable procedure. Therefore the decisions in those cases should have no weight with us in the instant case.

In other cases relied on by counsel for the defendant in this case the dismissals for want of prosecution have been by virtue of statutes or appear to have been based on rules adopted by the courts under their power to make rules. In still others they have been based on conduct by the plaintiffs which has raised an outright estoppel against them, of a kind recognized by common law courts.

In some other cases, which have started in their states the practice of dismissal for want of prosecution, the plaintiff had an original writ issued and held it a long time without trying to have it served and then got out a new writ in the same case and tried to proceed under that, thus avoiding the operation of the statute of limitations; and it was held that this was not proper procedure and that the mesne writ should therefore be quashed and the action dismissed as not properly in court.

But, of the cases cited by the defendant, there still remain a few not explainable on any of the above grounds. In nearly

every, if not every one of the states in which these cases were decided, what seems to have been the earliest case in which a dismissal of an action at law for want of prosecution was sustained was comparatively recent and the decision seems to have been largely based on citations from one or more of the following texts, under the title "Dismissal". 6 Enc. Pl. & Pr. p. 904; 14 Cyc. 443, 444; 9 R. C. L. 206. We have examined the passages referred to and most, if not all, of the authorities which they cite, and are of the opinion that these cases give very little, if any, support to the above-mentioned decisions which seem to be very largely, though indirectly, based upon them.

Of all the cases cited to us by counsel for the defendant or found by us, the ones that seem to us the strongest in their favor are *St. Paul & C. Ry. Co.* v. *Eckel,* 82 Minn. 278, 84 N. W. 1008 (1901), and *Hruska* v. *Gibson,* 316 Pa. 518, 175 A. 514 (1934).

In the former of these cases, an action of ejectment, pleadings were completed April 2, 1891. No further action was taken until January 19, 1896, when Eckel, the defendant, died. On October 23, 1899, the plaintiff filed an application stating the death of the defendant and asking that his heirs be substituted for him and that the action be revived against them. After a hearing the application was denied for want of diligence by the plaintiff.

The upper court, in affirming this decision, used the following language: " . . . *the spirit of our laws* will not permit parties by their negligence and delay to drag suits unreasonably until parties die and evidence is destroyed; nor will it permit parties in any form of practice under the law to avoid its *spirit and evident intent* by unreasonably and negligently delaying a trial." The words which we have italicized certainly indicate judicial legislation.

In *Hruska* v. *Gibson, supra,* the court, at page 531, said: "The statute of limitations fixes the time as two years from the happening of an accident to the bringing of suit. It imposes no hardship on those who institute suit to understand that they must bring this action within two years. It certainly does not impose a hardship on those bringing the suit to require them to bring it to trial within a reasonable time thereafter. If it is against public policy to permit trespass suits to be begun more than two years after the action arose, it is equally against public policy to permit trespass suits to be tried more than nine years after they were started, unless delay is satisfactorily explained."

This, again, strongly indicates judicial legislation; and the reasoning in it ignores two important considerations; that it required a *statute* to limit the time within which an action at law could be brought; and that, while the defendant was unable to bring the controversy into court, he had just as much right and power, after the action was in court, to force it to trial as the plaintiff had. If a statute was necessary to limit the time for instituting an action, it would seem that a statute would be even more clearly necessary to limit the time within which the plaintiff could bring it to trial.

The strongest case which we have found in support of the contention which is made in behalf of the plaintiff in the instant case is *Meloy* v. *Keenan,* 17 App. D. C. 235 (1900). Apparently the courts in the District of Columbia are like the courts in this state and are not under a code. We quote from the opinion, beginning at page 237: "In the case at bar, no advantage was taken of the defendant by withholding summons. He was promptly and regularly served with the summons, and seasonably filed his plea upon which issue was afterwards joined. It was no longer under the control of the plaintiff. The defendant had it in his power to prevent unnecessary or unusual delay. By the use of ordi-

nary diligence he could have forced the case to call for trial and its dismissal upon default of the plaintiff.

"Having been as indifferent as the plaintiff in respect of further proceedings he is in no situation to complain of its neglect.

"There is no statute, or rule of court having the force of a statute, requiring a cause to be brought to trial within a given period, under penalty of forfeiture of the right of further prosecution. As the case was actually depending between the original parties at the time the notice of trial was given, and there had been no previous objection by the defendant to the delay, it was the plaintiff's right to have a trial notwithstanding his former delay, and it was error to sustain the defendant's belated motion.

"The judgment will be reversed with costs, and the cause remanded for trial in due course."

This reasoning is convincing to us and we are of the opinion that the quoted language sets forth the doctrine which should be applied in this state in cases like the one now before us. The application of that doctrine to this case seems to us especially clear, because the present defendant for a long time had had notice from the papers on file in the probate court in the estate of the original defendant, of which the present defendant has been administrator *d.b.n.c.t.a.*, of the pendency of this action; and yet it did nothing to bring it to trial or otherwise dispose of it until after the plaintiff had caused the present defendant to be summoned in to defend the action and had moved that the case be assigned for trial.

Therefore we find that the justice of the superior court before whom the motion to dismiss was heard erred in sustaining it and dismissing the case.

The plaintiff's exception is sustained and the case is remitted to the superior court for further proceedings.

*Charles R. Easton,* for plaintiff.

*Huddy & Moulton, Bruce M. Docherty,* for defendant.