**STAPLES et al. v. CALLAHAN et al.**

No. 10649.

Court of Civil Appeals of Texas. San Antonio.

Jan. 31, 1940.

Rehearing Denied March 20, 1940.

Seabury, Taylor & Wagner, of Brownsville, for appellants.

Davenport & Ransome, of Brownsville, for appellees.

MURRAY, Justice.

This is an appeal from an order of the District Court of Cameron County, 103rd Judicial District, dismissing, for want of jurisdiction, appellants' motion for a new trial brought under Article 2236, R.C.S. 1925, in a cause in that court, styled Lizzie Havre v. Pat F. Dunn et al.

The cause was an action of trespass to try title and for damages, brought originally by Lizzie Havre against Pat F. Dunn, Sam A. Robertson and W. E. Callahan, to recover title and possession of Padre Island, situated along the coast of the Gulf of Mexico, in Cameron and other counties of this State.

The defendants filed a cross-action against plaintiff and a large number of other persons, for the recovery of the title and possession of the whole of Padre Island, except 7500 acres at its south end. Many of the cross-defendants were cited by publication, including Merrill W. Staples.

Judgment in said suit was rendered June 9, 1928. By the terms of this judgment the original plaintiff took a nonsuit as against the original defendants, Dunn, Robertson and Callahan, while Dunn announced that by reason thereof he was no longer a necessary party, and, therefore, took his nonsuit upon his cross-action against the cross-defendants therein named. Judgment was then rendered in favor of Robertson and Callahan against all cross-defendants for the recovery of the title and possession of Padre Island, except 7500 acres off the extreme south end of same, and all other parties were denied any relief on their respective pleadings. Staples was represented, along with all other defendants cited by publication, only by an attorney appointed by the court as an attorney ad litem.

On June 6, 1930, within two years after the entry of said judgment, Staples, as one

of the defendants cited by publication, only, joined by Joseph G. Bowen, his vendee, both residing in Alabama, filed their petition for new trial, endorsed "Petition for Bill of Review." In this petition Staples and Bowen alleged all that was required of them under Art. 2236.

The original respondents, Sam A. Robertson and W. E. Callahan, were duly cited to appear and answer said petition by citations returnable to the July, 1930, term of said court, and on July 19, 1930, filed their joint answers, consisting of a general demurrer and general denial.

On August 25, 1931, Staples and Bowen filed in said cause the deposition of Merrill W. Staples, taken in pursuance to the written agreement of Davenport & Ransome, attorneys of record for Robertson and Callahan.

From August 25, 1931, to October 24, 1938, no entry was made upon the Minutes or Docket of said District Court showing any action taken in said cause. On the latter date Staples and Mrs. Joseph G. Bowen filed a suggestion and also in open court suggested the death of Joseph G. Bowen and had Mrs. Bowen substituted as a party in his place and at the same time they suggested the death of Sam A. Robertson and had his widow, Mrs. Maria Robertson, made a party in his stead.

On December 20, 1938, Mrs. Robertson filed an answer to the petition for new trial, consisting of a general demurrer and general denial. On the same day petitioners were granted leave to amend, and they filed their amended petition for new trial.

On December 20, 1938, hearing of the amended motion for new trial was set for December 23, 1938, and on December 22, 1938, same was reset for December 30, 1938.

On December 30, 1938, appellees filed a motion to strike, abate and dismiss the amended motion for new trial, on various grounds, and appellants filed their answer, and on the same date the then judge of that court, A. M. Kent, overruled appellees' motion to strike, and on December 31, 1938, granted appellants' motion for a new trial, and ordered the cause restored to the regular docket for retrial in due course.

On December 31, 1938, Judge Kent's term of office expired and he was succeeded, on January 1, 1939, by Jas. S. Graham, who on that date became the judge of the 103rd Judicial District, as the successor in office of A. M. Kent. On January 17, 1939, and during the same term that Judge Kent had granted the new trial, appellees filed their motion to "rescind, abate, set aside and hold for naught" the aforesaid order of December 31st granting a new trial. Appellants filed an answer.

Appellees' motion was heard before Judge Jas. S. Graham, the succeeding district judge, on February 3, 1939, and resulted in his order of February 8, 1939, finding that the motion for a new trial had been waived, abandoned and determined by operation of law prior to the proceedings in October, 1938, and that thereafter the court had no jurisdiction, and the order of December 31, 1938, was without force for that reason. The court, therefore, rescinded, abated, set aside and for naught held the aforesaid order of Judge Kent granting the motion for new trial, and on February 8, 1939, dismissed appellants' motion for a new trial, without hearing testimony.

From this judgment of dismissal Merrill W. Staples and Mrs. Joseph G. Bowen have prosecuted this appeal.

Judge Jas. S. Graham set aside the order of Judge A. M. Kent granting a new trial, upon the theory that the court was without jurisdiction to grant a new trial on December 31, 1938, apparently on two theories; the first one being that the motion for a new trial was overruled by operation of law at the close of the July, 1930, term, and the second theory being that, in any event, said motion not having been placed upon the docket, not having been called to the attention of the court and no action sought or had thereon at the July, 1930, term, or any subsequent term of the court, prior to October 24, 1938, therefore said motion was abandoned and discontinued and the jurisdiction of the court over such motion had thereby been lost.

Art. 2236, R.C.S.1925, provides in part:

"In cases in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by attorney of his own selection:

"1. The court may grant a new trial upon petition of the defendant showing good cause, supported by affidavit, filed within two years after such judgment was rendered. The parties adversely interested in such judgment shall be cited as in other cases. * * *"

■ This article has been construed as giving to a defendant against whom judgment has been rendered upon service by publication only, and without his voluntary appearance, an opportunity to appear and be heard in his own defense, and to effectuate this purpose the statute should be liberally construed. Wiseman v. Cottingham, 107 Tex. 68, 174 S.W. 281; Strickland v. Baugh, Tex.Civ.App., 169 S.W. 181; Hunsinger v. Boyd, 119 Tex. 182, 26 S.W.2d 905; Smith v. Higginbotham, Tex.Civ. App., 112 S.W.2d 770.

■ While this article is designated "Bill of Review" it in fact provides for nothing more than a motion for a new trial, which may be filed at any time within two years after judgment is rendered, where the service is by publication, etc. Miles v. Dana, 13 Tex.Civ.App. 240, 36 S.W. 848; Glaze v. Johnson, 27 Tex.Civ.App. 116, 65 S.W. 662, writ refused; Wolf v. Sahm, 55 Tex. Civ.App. 564, 120 S.W. 1114, writ refused; Wiseman v. Cottingham, supra; Dunlap v. Wright, Tex.Civ.App., 280 S.W. 276, 278; Texas Co. v. Dunlap, Tex.Com.App., 41 S.W.2d 42; Strickland v. Baugh, supra; Hunsinger v. Boyd, supra; Smith v. Higginbotham, supra; McClaren Rubber Co. v. Williams, etc., Co., Tex.Civ.App., 81 S.W.2d 255.

■ It is clear that the motion for a new trial filed herein was filed under and is governed by the provisions of Art. 2236, supra. It is apparent that this article places a limitation only on the time within which such a motion must be filed, but does not place any limitation upon the time within which such a motion must be acted upon by the court. There is however a limitation as to action on motions for new trials provided for by Art. 2232, R.C.S.1925. This article provides in part as follows:

"Article 2232. *Motion.*—New trials may be granted and judgments arrested or set aside on motion for good cause, on such terms as the court shall direct. Each such motion shall:

"1. Be made within two days after the rendition of verdict if the term of court shall continue so long, if not, then before the end of the term, and may be amended under leave of the court. * * *

"4. Be determined at the term of the court at which it is made."

■ It is contended by appellees that the provision of article 2232 requiring motions to be determined at the term of the court at which made should be applied to motions made under the provisions of Art. 2236, and, further, that the motion should be regarded as made at the term of the court to which the adverse parties have been cited to appear. This contention has never before been passed on by an appellate court in this State, so far as we are able to ascertain. However, a somewhat similar question has been passed upon. Art. 2092, R.C.S.1925, Vernon's Ann.Civ. St. art. 2092, provides, among other things, that in certain large and populous counties in this State a motion for a new trial may be passed upon after term time and within a certain number of days. In Hunsinger v. Boyd, 119 Tex. 182, 26 S.W.2d 905, and Smith v. Higginbotham, Tex.Civ.App., 112 S.W.2d 770, the contention was presented that a motion for a new trial made under the provisions of Art. 2236, in certain large counties was subject to the provision of Art. 2092, and that such motions must be determined within the time limit provided in Art. 2092. This contention was not sustained but overruled. We conclude that if motions made under Art. 2236, in counties operating under the special practice act, as set forth in Art. 2092, are not required to be acted on within the time limit governing actions of ordinary motions for new trials filed in the courts of such counties, that the same logic and the same reasoning would require a holding that in counties not governed by Art. 2092, but Art. 2232, a motion made and filed in the courts of such counties, under the provisions of Art. 2236, would not be subject to the time limit for action on ordinary motions provided for in Art. 2232.

The ordinary motion for a new trial authorized by Art. 2232, which must be filed within two days after judgment and acted on at the term of the court at which made, and requiring no citation to adverse parties, is so different in all of its aspects from the motion for a new trial provided for in Art. 2236, which may be filed in vacation or in term time, within a period of two years after judgment, and requiring service of citation to adverse parties to appear at a subsequent term and show cause why such motion should not be granted, that there is no good reason why the time limit prescribed by Art. 2232 should be applied to motions made under Art. 2236.

This brings us to a consideration of the question as to whether, by failure of appellants to have their motion docketed or called to the attention of the court or to take any action whatever thereon from August, 1931, to October, 1938, would, as a matter of law, discontinue such motion and deprive the court of all jurisdiction over the same.

■ At common law there was a doctrine known as the doctrine of discontinuance, which was to the effect that if a party did not prosecute his case with diligence and permitted a "chasm" or "hiatus" to come into his suit, such as failure to have the process continued from day to day, or term to term, that his suit was ipso facto discontinued, and if he cared to further prosecute his cause he must begin by filing a new suit.

■ There was also an equitable rule that where a suit in equity was not prosecuted with diligence the rule of discontinuance would not apply, but such suit might be dismissed by order of the court for want of prosecution.

■ It would seem that in this State where law and equity are administered by one and the same court, we should not have the rule of discontinuance, but that cases should only be terminated by an order of the court entered for want of prosecution.

While there is language in some of the decisions which might give rise to a belief that the old common law rule of discontinuance is recognized in this State, when all the authorities are examined it will be seen that in truth and in fact the rule of discontinuance does not exist in this State, but rather the equitable rule of dismissal for want of prosecution.

Appellees cite the following cases as holding that the common law rule of discontinuance is recognized in Texas, to-wit: Crosby v. DiPalma, Tex.Civ.App., 141 S.W. 321; Bogle v. Landa, 127 Tex. 317, 94 S.W. 2d 154, 156; Carr v. Cleveland, Tex.Civ. App., 86 S.W.2d 858, 863; Trahan v. Roberts, Tex.Civ.App., 48 S.W.2d 503, 505; Brooks Supply Co. v. Hardee, Tex.Civ. App., 32 S.W.2d 384; Flanagan v. Smith, 21 Tex. 493; Punchard v. Delk, 77 Tex. 104, 13 S.W. 615; Beaudette v. City of El Paso, Tex.Civ.App., 247 S.W. 895; Cain v. Wharton, Tex.Civ.App., 196 S.W. 952; Hinkle v. Thompson, Tex.Civ.App., 195 S.W. 311; Latta v. Wiley, Tex.Civ.App., 92 S.W. 432; Beck v. Avondino, 20 Tex. Civ.App. 330, 50 S.W. 207, 208; Ponton v. Bellows, 13 Tex. 254.

Appellants cite the following cases, some of which have also been cited by appellees, as holding that only the equitable rule of dismissal for want of prosecution is recognized in Texas, to-wit: Gillespie's Adm'r v. Redmond, 13 Tex. 9; Ponton v. Bellows, 13 Tex. 254; Hinkle v. Thompson, Tex.Civ. App., 195 S.W. 311, writ refused; Flanagan v. Smith, 21 Tex. 493; Punchard v. Delk, 77 Tex. 104, 13 S.W. 615; Cain v. Wharton, Tex.Civ.App., 196 S.W. 952; Beaudette v. City of El Paso, Tex.Civ.App., 247 S.W. 895; Beck v. Avondino, 20 Tex. Civ.App. 330, 50 S.W. 207; Carr v. Cleveland, Tex.Civ.App., 86 S.W.2d 858; Trahan v. Roberts, Tex.Civ.App., 48 S.W.2d 503; Brooks Supply Co. v. Hardee, Tex.Civ. App., 32 S.W.2d 584; Crosby v. DiPalma, Tex.Civ.App., 141 S.W. 321, writ refused; Bogle v. Landa, 127 Tex. 317, 94 S.W.2d 154; Sayles v. McLaughlin, R.I., 7 A.2d 779; Cambon Bros. v. Suthon, 148 La. 669, 87 So. 512; Taylor v. Taylor, 76 W.Va. 469, 85 S.E. 652; St. Francis Mill Co. v. Sugg, 142 Mo. 364, 44 S.W. 249; Armourdale State Bank v. Hoel, 120 Kan. 130, 242 P. 481; Blackstone's Comm., Vol. 3, ch. 20, p. 296; 9 R.C.L., p. 192; 1 C.J.S., Abandonment, §§ 1, 3, pp. 4, 8 and 10; Tex. Jur. Vol. 1, pp. 3 and 10–12.

■ After examining these authorities we conclude that in ordinary cases, where no exceptional circumstances are shown, the court does not lose jurisdiction over a cause from want of diligent prosecution until, either on its own motion or at the instance of one of the parties, the court enters an order of dismissal.

■ In keeping with this holding, we come to the conclusion that the District Court of Cameron County had not lost jurisdiction over appellants' motion for a new trial when it was heard by Judge Kent, on December 31, 1938. The court having jurisdiction, Judge Kent had the discretion to either grant a new trial or dismiss the cause for want of prosecution. This is not an appeal from Judge Kent's order granting a new trial, so we are not here called upon to decide whether or not he abused his discretion in refusing to dismiss the motion and granting a new trial.

This brings us to a consideration of whether Judge Graham had jurisdiction to

set aside Judge Kent's order without hearing evidence, where he did so at the same term of the court at which said order was made. Judge Kent would undoubtedly have retained jurisdiction over his order granting a new trial until the end of the term at which it was made, but whether his successor in office possesses such jurisdiction is quite another question. This question seems not to have been passed upon in this State, but from holdings in other jurisdictions we conclude that Judge Graham, as Judge Kent's successor in office, did not have the same control over Judge Kent's orders as Judge Kent would have himself retained until the expiration of the term. State ex rel. Bloom v. Superior Court, 171 Wash. 536, 18 P.2d 510; State ex rel. Nelson v. Superior Court, 184 Wash. 97, 49 P.2d 903, 54 P.2d 1215; Columbia Mutual B. & L. Ass'n v. Mittnacht, 62 App.Div. 425, 70 N.Y.S. 1098.

Where a trial judge sets aside an order of his predecessor on any other ground than want of jurisdiction, without hearing further evidence, he exercises appellate rather than trial jurisdiction and has no power to do so. We gather from this record that Judge Graham set aside the order of Judge Kent on one ground, and one ground alone, that is want of jurisdiction on the part of Judge Kent to have entered the order.

Having determined that the 103rd District Court of Cameron County did have jurisdiction of appellants' motion, on December 31, 1938, at which time Judge Kent granted them a new trial, Judge Graham had no power to set this order aside, and it stands as a valid order subject only to review by an appellate court, if and when it is properly presented to an appellate court.

The judgment is reversed and the cause remanded.

### On Motion for Rehearing.

In our original opinion we stated that Judge Graham set aside Judge Kent's judgment without hearing evidence, this is not correct. There was some evidence offered, but it is plain that Judge Graham did not base his action on any testimony introduced, but upon his belief that the motion had been overruled by operation of law or had been discontinued by reason of the long lapse of time it had been on file before Judge Kent granted the new trial.

We have examined appellees' motion for a rehearing and it is in all things overruled.